# ROBERT REYNOLDS

*vs.*

## NELSON RUSSLER,

Trading as the Cumberland Baseball Club.

*Equity: appeals; final order only.　Sunday laws: baseball.*

Article 5, sections 26 and 31 of the Code, relating to appeals in equity, give a right of appeal only from an order of the Court that goes to the whole bill.　　　　　　　　p. 608

No appeal should be permitted from any decision of a Court which does not finally settle the rights of the party, or conclude the cause.　　　　　　　　　　　p. 609

*Decided May 5th, 1916.*

Appeal from the Circuit Court for Allegany County. In Equity.　(Henderson, J.)

The facts are stated in the opinion of the Court.

The cause was argued before Boyd, C. J., Briscoe, Thomas, Pattison, Urner, Stockbridge and Constable, JJ.

*W. Carl Richards,* for the appellant.

*George L. Eppler* and *George Henderson* (with whom was *F. Brooke Whiting* on the brief), for the appellee.

STOCKBRIDGE, J., delivered the opinion of the Court.

The third amended bill of complaint is the first pleading appearing in the record upon which this case is brought up. The relief sought in the proceeding is an injunction to prevent the playing of baseball on Sunday in South Cumberland, to witness which admission is charged.

The bill is divided into six paragraphs, in the first of which the plaintiff sets forth that he has owned and resided in a house on Virginia Avenue, South Cumberland, for more than eighteen years, upon which he has expended large sums to make it comfortable and convenient for his occupancy as a home. The second paragraph alleges the ownership of another house on Virginia avenue, distant about 300 feet from the ball ground, and two on Lafayette avenue, both of which are about sixteen feet from the ball field. In the third paragraph it is stated that all of these properties are close to, and one adjoins, the ball ground. The fourth paragraph charges the defendant with having conducted "illegal, public and boisterous baseball games" on this ball field on the Sabbath day, at which an admission was charged. The fifth paragraph reads as follows:

"Fifth—That because of the physical injury from the great noise and confusion attending these Sunday baseball games, because on Sunday afternoons, when these games are being held, there is great noise and confusion because of the shouting and confusion attending these games, which noise and confusion sounds loud and violent in the plaintiff's house and *is a physical injury* to the plaintiff, because the said noise and confusion is so loud and violent in the plaintiff's house that it causes great physical distress to the plaintiff through his physical sense of hearing, and *greatly disturbs his Sunday afternoon rest* while in his said home with his family on Sunday afternoon, as it is the plaintiff's custom to so remain at home and in his house with his said family on Sunday afternoons, and *because of the great moral injury from the desecration of the Sabbath Day* and the illegal acts of play-

ing commercialized baseball on Sunday, where admission is charged, which is 'work' and 'bodily labor' on the Lord's Day, and which is a crime under the statutes of the Laws of Maryland, Article 27, section 436, the plaintiff, in addition to the wrong and injury which he suffers, together with his fellow-citizens generally, has suffered, is suffering and will suffer in the future special damages from this public nuisance, because he has been, *is and will be deprived of the comfortable enjoyment of his home on the Sabbath Day, and his said properties have been, are and will be greatly depreciated and lessened in value as home dwellings,* because of the near proximity of said properties to the said ball field where this public nuisance has been and will be maintained."

The sixth paragraph is an allegation that the plaintiff is without remedy at law, and the bill concludes with a prayer for an injunction against the continuing of Sunday baseball upon the field leased by the defendant for that purpose, and for general relief.

It will be observed that the fifth paragraph sets out three distinct grounds upon which the relief is asked, (*a*) the physical injury to the plaintiff; (*b*) "the great moral injury from the desecration of the Sabbath day," and (*c*) the depreciation of the value of the plaintiff's property.

The defendant answered, specifically denying the first and third specifications of injury, and demurred to the second, which demurrer was upon argument sustained. It is from this ruling of the Court that this appeal was taken.

The right of appeal in such cases depends solely upon statute, Code, Article V, sections 26 and 31. In a long line of cases these sections were construed to give a right of appeal only when the order of court went to the whole bill. *Chappell* v. *Funk,* 57 Md. 471; *Hecht* v. *Colquhoun,* 57 Md. 564; *Darcey* v. *Bayne,* 105 Md. 366; *Forbes* v. *Tuckerman,* 115 Mass. 115; *Boteler* v. *State,* 7 G. & J. 109; *Miller's Equity,* secs. 305, 307.

In the case of *Hendrickson* v. *Standard Oil Co.,* 126 Md. 577, this Court was called upon to decide whether an appeal would lie from an order sustaining a demurrer to three paragraphs of a bill of complaint, and it was there held in a very able opinion by JUDGE URNER that, inasmuch as the sustaining of the demurrer to the three paragraphs in question amounted to a final determination of the rights of the plaintiff set up in those paragraphs, the appeal would be entertained.

The Court is now asked to go a step further and say that where three separate and distinct elements of injury are alleged in a somewhat confused manner, all grouped under one general division of a bill, and a demurrer to one of them is sustained, the order so sustaining the demurrer is one from which an appeal will lie. No authority has been found to sanction any such extension of the statutory provision, and to such a state of pleading the language of this Court in *Boteler* v. *State, supra,* is peculiarly applicable: "To permit an appeal from any decision of the Court below which does not finally settle the rights of the party, or conclude the cause, would enable either plaintiff or defendant to protract the suit to an almost indefinite period. It is time enough for a party to apply to this Court for redress when it is ascertained that he is to be injured by the judgment of which he complains."

It might have been claimed with much force that the entire paragraph No. 5 was demurrable as contravening the 14th and 15th General Equity Rules, now sections 154 and 155 of the Code, Public General Laws, but the Court is not required to pass upon that in the present case, as the appeal must be dismissed for other reasons.

It has already been pointed out that three grounds of injury have been alleged—the physical, the moral and that to the property of the plaintiff. The demurrer of the defendant is to the second of these only, and is as follows: "Because the existence of a moral injury to the plaintiff

does not entitle plaintiff to any relief in equity." It was to the sufficiency of that and of that only that the demurrer was interposed. In his brief the appellant says: "We have never contended that the plaintiff had any grounds for relief in equity because of the moral injury." But this was the only one of the alleged causes of injury to which the demurrer applied. The opinion of the trial Court giving the reasons for sustaining the demurrer begins as follows: "The third amended bill in this case is so drawn as upon demurrer to part of it to raise the question whether equity will enjoin the violation of a statute, independent of any property or physical injury, on the ground that such violation is a moral injury to the plaintiff." The court, therefore, was not passing upon any questions of physical or property injury or the causes which produced them. These allegations of injury had been specifically denied by answer, and were therefore to be determined upon proof, showing how, why and to what extent, if at all, the plaintiff had been injured, just as in the case of *Hamilton* v. *Whitridge,* 11 Md. 128. These were pertinent inquiries put in issue by the answer. The sustaining of the demurrer to an allegation of moral injury to the plaintiff did not, therefore, operate to deprive him of any right to which he claimed to be entitled, as he did not and does not claim any right to the interposition of equity because of moral injury. Thus it is additionally clear that the order of the Circuit Court for Allegany County we are asked to review in this case was not an appealable one under the statute.

*Appeal dismissed, with costs.*