DURLING *v.* KENNEDY ET AL.

[No. 221, October Term, 1955.]

*Decided July 13, 1956.*

The cause was argued before BRUNE, C. J., and DELA-PLAINE, HENDERSON and HAMMOND, JJ.

*June L. Green,* with whom was *William A. Ehrmantraut* on the brief, for the appellant.

*John G. Rouse, Jr.,* with whom were *Rouse & Morton* on the brief, for Mr. Edward Kennedy, appellee.

*Matthew S. Evans,* with whom were *McWilliams, Evans & Melvin* on the brief, for Mr. C. G. Haughton, appellee.

DELAPLAINE, J., delivered the opinion of the Court.

This joint tortfeasor action was instituted in the Circuit Court for Anne Arundel County by Marjorie Durling against four automobile drivers, Edward Kennedy, C. G. Haughton, Hugh C. McClelland and Francis Bernard Salmon, to recover for personal injuries which she sustained in an accident on U. S. Route 1 near Berwyn in Prince George's County on July 14, 1953.

Plaintiff alleged in her declaration that immediately prior to the accident the four drivers were all traveling in the same direction. Plaintiff was a passenger in the third car, a Dodge sedan operated by McClelland. Two cars were ahead of them. Kennedy was driving the first, and Haughton the second. Salmon was driving behind McClelland.

In the first count, plaintiff alleged that Kennedy, the driver of the first car, stopped suddenly without giving Haughton a signal of his intention to stop; and that as a result of his negligence, Haughton's car ran into the rear of his car.

Plaintiff further alleged in the first count that, after McClelland's car had left the road, Kennedy committed a second act of negligence by failing to maintain proper control over his car and driving it into the side of McClelland's car; and that as a result of his negligence she was seriously and permanently injured.

In the second count, plaintiff alleged that Haughton, the driver of the second car, was driving so close to Kennedy's car that his car ran into it; and McClelland's car had to stop suddenly in a position of peril and was struck in the rear by Salmon's car; that this second collision drove McClelland's

car into the rear of Haughton's car; and that she was injured as a result of Haughton's negligence.

In the third count, plaintiff alleged that Salmon, the driver of the fourth car, was driving at an excessive rate of speed and was following McClelland's car too closely, and he negligently caused his car to collide with McClelland's car; and that as a result of his negligence she was injured.

In the fourth count, plaintiff alleged that McClelland stopped his car without giving any warning or signal to Salmon; that McClelland failed to pay attention and thereby lost control of his car, and as a result of his negligence he caused his car to come into collision with the other three cars; and that as a result of his negligence she was injured.

The case against all four defendants was tried before a jury, with Judge Michaelson presiding, on September 19 and 20, 1955. At the close of plaintiff's case, Kennedy and Haughton filed motions for directed verdicts. Judge Michaelson granted Kennedy's motion as to the first accident on the highway, and denied it as to the roadside accident. The judge granted Haughton's motion for a directed verdict.

Kennedy, McClelland and Salmon thereupon presented their evidence in the case, after which the judge delivered his charge and submitted the case to the jury. After the jurors had deliberated for several hours, the foreman informed the judge that they were "hopelessly divided as to a decision." The judge accordingly discharged them.

Kennedy, McClelland and Salmon thereafter filed motions for judgments n. o. v., but those motions were overruled.

On November 12, 1955, plaintiff petitioned the Court for a hearing to clarify the issues in the case. She gave the following reasons for her petition: (1) that, since the Court overruled the motions for judgments n. o. v., she is entitled to a new trial; (2) that she is unable to determine how far this action of the Court affects the issues in the case in view of the fact that the Court granted motions for directed verdicts in favor of two of the defendants; and (3) that she requests a hearing to enable her to present the rules of law which show that at the new trial she will be entitled to have all issues of the pleading submitted to the jury.

Kennedy and Haughton demurred to the petition. Kennedy asserted that the directed verdict in his favor as to the first accident on the highway was a final decision, and that plaintiff had not appealed therefrom within the time prescribed by law. Haughton asserted that all of the issues in the case had been settled as to him, and that the directed verdict in his favor was a final decision, and that plaintiff had not appealed therefrom within the time prescribed by law.

On December 27, 1955, Judge Michaelson passed an order sustaining the demurrers. It was from that order that plaintiff brought this appeal.

Plaintiff contends: (1) that after a jury has been discharged for failure to agree, the case on subsequent trial is heard *de novo* and all of the issues are submitted to the jury as though no trial had previously been held; and (2) that the trial judge in this case had no right to segregate her claims against Kennedy by submitting to the jury only her claim as to the collision which she alleged occurred on the side of the road after the four cars had collided, because by that ruling she will not be able to have a new trial on her entire claim. She argues that the issues against the four defendants are interrelated, and that without submission of her case as an entirety, she will be prejudiced before the new jury.

One of the rules of the Court of Appeals relating to Joinder of Parties and Claims, General Rules of Practice and Procedure, part 2, subd. 3, rule 6, provides:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revi-

sion at any time before the entry of judgment adjudicating all the claims."

The purpose of this rule, which is identically the same as Rule 54(b) of the Federal Rules of Civil Procedure, is to prevent piecemeal appeals as far as possible, and thereby avoid the confusion, delay and expense which would be caused by having two or more appeals in the same suit.

In the case at bar no judgment was entered in favor of either Kennedy or Haughton. Moreover, there was no express determination that there was no just reason for delay, and no express direction for the entry of judgment. It is therefore clear that the directed verdicts in favor of Kennedy and Haughton did not terminate the action as to any of the claims. *Felder v. D. Loughran Co.,* 88 U. S. App. D. C. 139, 188 F. 2d 623; *Russell v. Texas Co.,* 9 Cir., 211 F. 2d 740.

In this situation we cannot consider plaintiff's contentions. Even if any judgment had been entered, plaintiff would have had the right to appeal only within 30 days after its rendition. Under our rules, appeals allowed from any judgment or determination of a court of law to the Court of Appeals of Maryland shall be taken within 30 days from the date of such judgment or determination, and not afterwards. Rules of the Court of Appeals, rule 2.

The rulings of the Court below on the motions filed by Kennedy and Haughton for directed verdicts were made on September 20, 1955. It was not until seven weeks afterwards that plaintiff filed her petition for clarification of issues. Her petition and the Court's order thereon cannot have the effect of restoring a right of appeal, even if she had such a right.

For these reasons we must dismiss the appeal which plaintiff took from the order sustaining the demurrers to her petition.

*Appeal dismissed, with costs.*