**Dominick MARINO, Appellant,**

v.

**Louis NEVITT, George Novitsky and Carl Lake, Individually and as Officers and Directors of N & L, Inc., a Pennsylvania Corporation, and N & L, Inc., Appellees.**

**No. 13972.**

United States Court of Appeals
Third Circuit.

Argued Nov. 9, 1962.

Decided Jan. 2, 1963.

Harry Alan Sherman, Pittsburgh, Pa., for appellant.

Joseph Martin Gelman, Pittsburgh, Pa. (Saul Davis, Pittsburgh, Pa., on the brief), for appellees, Carl Lake and N & L, Inc.

Before GANEY and SMITH, Circuit Judges, and AUGELLI, District Judge.

WILLIAM F. SMITH, Circuit Judge.

The original complaint in this action is in one count and states a single claim for damages based on the alleged tortious conduct of the defendants. This complaint, although inartistically drawn, sufficiently alleges that the defendants, pursuant to an unlawful conspiracy and in furtherance of a scheme to defraud: injured the plaintiff in his business, divested him of his interest in three separate contracts, and deprived him of personal property consisting of certain motor equipment. The contracts were with the Boroughs of West Homestead, White Oak and Forest Hills. The first of these contracts was with the plaintiff individually and the others were with a partnership of which he was a member.

The action came before the court below on the motion of the defendants to dismiss the complaint for failure to state a claim upon which relief could be granted and, in the alternative, to dismiss certain allegations of the complaint. The court heard argument and thereafter filed its opinion and entered the following order:

"AND Now, this 1st day of September 1961, it is ORDERED and DIRECTED that the motions to dismiss filed by the defendants be and the same hereby are granted, and those claims based on either the White Oak or Forest Hills contracts dismissed. Plaintiff may file within twenty (20) days from the date hereof an amended complaint setting forth in a short and plain statement any remaining claims asserted in his individual capacity."

The plaintiff filed an amended complaint, the allegations of which, with one exception, are identical with those contained in the original complaint.

The defendants again moved to dismiss the complaint and, in the alternative, to dismiss certain allegations thereof. The court heard argument and thereafter filed its opinion and entered an order, which is the same as the original in tenor and effect. The plaintiff prompt-

ly filed a "Supplemental Amended Complaint," to which the defendants addressed a motion for dismissal. A hearing on the motion is held in abeyance pending disposition of the present appeal.

While the action was still pending the court below, on motion of the plaintiff, entered an order which reads as follows:

"And now, January 15, 1962, the within petition having been presented in open Court, on motion of Harry Alan Sherman, attorney for petitioner, it is hereby ordered and directed that the orders of September 1, 1961, heretofore entered, and December 28, 1961, dismissing plaintiff's complaint as to the White Oak and Forest Hills contracts, be opened and, the Court being satisfied that the plaintiff's rights to said contracts or to damages for deprivation thereof are not supportable or provable as a matter of law, does expressly determine that there is no just reason for delay in entering judgment for defendants upon said claim, does hereby expressly direct entry of final judgment dismissing the White Oak and Forest Hills claims, preserving to plaintiff his rights remaining under the complaint and amended complaint, and his rights of review or appeal. The order of December 28, 1961, as to the remaining claims to stand."

The present appeal followed the entry of this last order.

■ We do not reach the questions raised on this appeal because we are of the view that the order and the judgment entered pursuant thereto are not appealable at this time. The normal jurisdiction of courts of appeals is limited to the review of final judgments. 28 U.S.C.A. § 1291; Catlin v. United States, 324 U.S. 229, 233, 234, 65 S.Ct. 631, 89 L.Ed. 911 (1945). This jurisdiction is not enlarged by amended rule 54(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 435, 76 S.Ct. 895, 100 L.Ed. 1297 (1956). Notwithstanding the provisions of the said rule, finality of judgment is still a prerequisite to the right of appeal.

■ The complaint in this action, and the amendment thereto, state a single claim comprised of several elements of damage. The effect of the court's decision was to eliminate two of these elements as "not supportable or provable as a matter of law." The decision was a partial adjudication and therefore lacked the finality prerequisite to the right of appeal. Schwartz v. Eaton, 264 F.2d 195 (2d Cir., 1959); Panichella v. Pennsylvania Railroad Company, 252 F.2d 452 (3rd Cir., 1958); King v. California Company, 224 F.2d 193 (5th Cir. 1955), cert. den. 352 U.S. 1007, 77 S.Ct. 569, 1 L.Ed.2d 551 (1957); Gold Seal Co. v. Weeks, 93 U.S.App.D.C. 249, 209 F.2d 802 (1954), and the cases hereinafter cited. See also 6 Moore's Federal Practice, 238, ¶ 54.33. Such decisions are reviewable only on appeal from the final judgment and, conversely, are not reviewable otherwise. Ibid.

■ The application of amended rule 54(b) is limited "to multiple claims actions in which 'one or more but less than all' of the multiple claims have been finally decided and are found otherwise to be ready for appeal." Sears, Roebuck & Co. v. Mackey, supra. A special order entered under the rule is a nullity in an action in which the decision of the district court involves nothing more than a partial adjudication on a single claim. Brandt v. Renfield Importers, Ltd., 269 F.2d 14 (8th Cir., 1959); United States v. Burnett, 262 F.2d 55 (9th Cir., 1958); Panichella v. Pennsylvania Railroad Company, supra. A special order entered under such circumstances does not confer jurisdiction on the court of appeals. Ibid.

We conclude that the special order in this case was improvidently entered and should be vacated. This appeal will be dismissed and the action will be remanded to the District Court with directions to vacate the said order.