HARKINS *v.* AUGUST, ET AL.

[No. 322, September Term, 1967.]

*Decided October 11, 1968.*

The cause was argued before HAMMOND, C. J., and MAR-BURY, McWILLIAMS, FINAN and SMITH, JJ.

*Karl G. Feissner,* with whom were *William L. Kaplan, Thomas P. Smith* and *Feissner, Kaplan, Miller & Smith* on the brief, for appellants.

*William A. Ehrmantraut,* with whom were *Edward C. Donahue* and *James P. Gleason* on the brief, for appellees.

PER CURIAM.

The Court raised *sua sponte* (Rule 835 a 2) the issue of whether or not the appellants had a right of appeal in the instant case from an order of the lower court sustaining demurrers to those counts in a declaration sounding in contract, without leave to amend, in an alleged medical malpractice action and

which order also granted judgment on the contract counts in favor of two of the three defendants. The order expressly stated that the judgments were without prejudice to the plaintiffs to maintain their action against all defendants as to those counts in the declaration sounding in tort.

All counts in the declaration were based on the same cause of action. The appellants (plaintiffs below) were proceeding concurrently under alternate theories of their case in both contract and tort, as is permissible (Rule 313). The appellees (defendants below) contended that in essence an action for medical malpractice is predicated on the wrongful act of the practitioner and the dominating factor in tortious conduct which absorbs any seeming breach of implied warranty. The lower court, persuaded by the argument that there could be no breach of implied warranty to support an action *ex contractu* in a malpractice case, sustained the defendants' demurrers and rendered judgment in their favor on the contract counts. The appellants filed this appeal although their action on the tort counts is still alive with the attendant possibility of recovering all that they may have been entitled to under the stricken counts, albeit on a different theory. We think this appeal is premature in that the order appealed from is not final.

An appeal at law is allowed only from a final judgment or determination. Code (1968 Repl. Vol.), Art. 5, sec. 1.

Rule 605 a, modeled after Rule 54(b) F.R.C.P. provides that

> "Where more than one claim for relief is presented in an action * * * the court may direct the entry of a final judgment upon one or more but less than all of the claims *only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order* or other form of decision, however designated, *which adjudicates less than all of the claims shall not terminate the action as to any of the claims,* and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims." (Emphasis supplied.)

There was a judgment in the instant case which adjudicated less than all the claims arising out of the same cause of action; however, there was no express determination that there was no just reason for delay in rendering judgment. We therefore think, considering Rule 605 a and the whole declaration, that the judgment on the contract counts in this case, leaving the tort counts remaining, was in effect an interlocutory judgment as to the determination of the cause of action.

The case of *Durling v. Kennedy,* 210 Md. 549, 123 A. 2d 878 (1955) is in point. An appeal from an order sustaining demurrers to claims against two of four defendants was dismissed by the Court:

"The purpose of this rule, which is identically the same as Rule 54(b) of the Federal Rules of Civil Procedure, is to prevent piecemeal appeals as far as possible, and thereby avoid the confusion, delay and expense which would be caused by having two or more appeals in the same suit.

"In the case at bar no judgment was entered in favor of either Kennedy or Haughton. Moreover, there was no express determination that there was no just reason for delay, and no express direction for the entry of judgment." (210 Md. at 554)

In the case of *Reynolds v. Russler,* 128 Md. 606 (1916), this Court refused to review an order sustaining a demurrer to one of three legal theories based upon the same set of facts, for which a single claim for relief was prayed, in the following language:

"The Court is now asked to go a step further and say that where three separate and distinct elements of injury are alleged in a somewhat confused manner, all grouped under one general division of a bill, and a demurrer to one of them is sustained, the order so sustaining the demurrer is one from which an appeal will lie. No authority has been found to sanction any such extension of the statutory provision, and to such a state of pleading the language of this Court in *Boteler v. State, supra* [7 G. & J. 109], is peculiarly ap-

plicable: 'To permit an appeal from any decision of the Court below which does not finally settle the rights of the party, or conclude the cause, would enable either plaintiff or defendant to protract the suit to an almost indefinite period. It is time enough for a party to apply to this Court for redress when it is ascertained that he is to be injured by the judgment of which he complains.' " (128 Md. at 609)

See also *Gittings v. State, Use of Ockerme,* 33 Md. 457 at 461 (1871), *Hazelhurst v. Morris,* 28 Md. 67 at 71 (1868), 6 *Moore's Federal Practice,* ¶ 54.11-54.12.

The appellants favored the Court with a memorandum of the law in support of their contention that the appeal should not be dismissed; however, we have examined the cases cited by them and are unpersuaded.

Clearly, this is not a situation where a demurrer has been sustained to all counts of the declaration without leave to amend. The parties still have their redress in tort remaining and it is the opinion of the Court that they are in no way prejudiced by the order of the lower court, or by the dismissal of this appeal. The soundness of the action of the lower court sustaining the demurrer and granting the judgments on the contract counts may still be reviewed on appeal from the final judgment. Rule 887 provides that on appeal from a final judgment all interlocutory orders that have been previously entered, shall be open to review.

*Appeal dismissed, costs to abide outcome of case.*