JOHN T. JURSICH, Plaintiff-Appellee, *v.* ARLINGTON HEIGHTS FEDERAL SAVINGS & LOAN ASSOCIATION, Defendant-Appellant.

Second District   No. 79-39

Opinion filed April 25, 1980.

Howard C. Emmerman, of Chicago (Rudnick & Wolfe, of counsel), for appellant.

Thomas P. Stepanich, of Waukegan, for appellee.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

This is an appeal from an order denying the motion of defendant, Arlington Heights Federal Savings & Loan Association, to dismiss the complaint of plaintiff, John T. Jursich. The order denying the motion to dismiss also provides that it is a final judgment on the motion to dismiss. Fourteen days later, the trial court entered an order pursuant to Supreme Court Rule 304(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 304(a)) stating that there is no just reason for delaying enforcement of or appeal from the court's order denying the motion to dismiss. Because we determine that

we do not have jurisdiction to hear the appeal, we need not discuss the facts presented in the cause.

■■ For an appellate court to have subject matter jurisdiction, an appeal must generally be taken from a final order which is an order that either terminates the litigation between the parties on the merits or disposes of the rights of the parties in regard to the entire controversy or some definite part thereof. (*Cohen v. Sterling Nursing Home, Inc.* (1978), 57 Ill. App. 3d 162.) Generally, the denial of motion to dismiss is not, of itself, a final appealable order. (*City of Chicago v. Hutter* (1978), 58 Ill. App. 3d 468, 374 N.E.2d 802.) Rather, it is merely an interlocutory order which does not finally dispose of the proceeding in such a way as to give the appellate court jurisdiction on appeal. *George F. Mueller & Sons, Inc. v. Daly* (1970), 124 Ill. App. 2d 265, 260 N.E.2d 319.

■ The trial court in this cause entered a finding pursuant to Rule 304(a) that there was no just reason for delaying the enforcement of appeal from its order denying the motion to dismiss. That order had included a statement to the effect that it was a final judgment on the defendant's motion to strike and dismiss. However, the entry of such a finding alone does not make an order appealable. (*Peter Georges, Inc. v. Feldon Building Corp.* (1978), 61 Ill. App. 3d 631, 377 N.E.2d 1102.) Such a finding only makes a final order appealable. It cannot make a nonfinal order, such as the denial of a motion to dismiss, into a final order. (*Peter Georges, Inc. v. Feldon Building Corp.*) Therefore, if the authority relied on for the appeal in this cause is Rule 304, there is no jurisdiction in this court to hear the appeal.

■ Because the denial of a motion to dismiss is interlocutory in nature rather than a final order, the only grounds for the appeal of such an order are Supreme Court Rules 307 and 308 (Ill. Rev. Stat. 1977, ch. 110A, pars. 307, 308.) Rule 307 pertains to interlocutory orders which are appealable as of right, and this rule is inapplicable in the present cause. Rule 308 provides that other interlocutory orders may be appealable if the trial court finds that the order involves a question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. In the present cause, the requisite finding was not made to comply with Rule 308 and we lack jurisdiction to hear the appeal. *Debowski v. Shred Pax Corp.* (1977), 45 Ill. App. 3d 891, 359 N.E.2d 204.

The appeal is accordingly dismissed.

Dismissed.

UNVERZAGT and NASH, JJ., concur.