530 A.2d 1237

**PLANNING BOARD OF HOWARD COUNTY et al.**

v.

**Rosemary MORTIMER et al.**

**The HOWARD RESEARCH AND DEVELOPMENT CORPORATION et al.**

v.

**Rosemary MORTIMER et al.**

**No. 123, Sept. Term, 1986.**

Court of Appeals of Maryland.

Sept. 22, 1987.

Motion for Reconsideration Denied Oct. 27, 1987.

**16.** Delaware—Del.Code Ann. tit. 11 §§ 825, 4214 (1974 rev. ed. & 1986 Cum.Supp.).

**640**

Paul T. Johnson, Sr. Asst. County Sol. (Timothy E. Welsh, County Sol., on brief), Ellicott City, for part of appellant Planning Bd. of Howard County.

Susan M. Reutershan (John J. Delaney, John L. Hollingshead and Linowes & Blocher, on brief), Silver Spring, and James D. Lano, Associate Gen. Counsel, on brief, Columbia, for appellant Howard Research and Development Corp. and The Besche Oil Corp.

Elizabeth B. Entwisle, Asst. County Sol. (Timothy E. Welsh, County Sol., for Howard County, on brief), Ellicott City, for appellee Howard County Board of Appeals.

Bernard A. Cook (Robert H. Levan and Levan, Schimel, Richman & Belman, on brief), Columbia, for appellees Rosemary Mortimer, Anne Bowman & Betty Jesneck.

Barbara Gold, on brief, Baltimore, for appellees James and Katherine Wu.

Argued before MURPHY, C.J., ELDRIDGE, COLE, RODOWSKY, COUCH *, McAULIFFE and ADKINS, JJ.

ADKINS, Judge.

Before these two consolidated appeals were considered in the Court of Special Appeals, we granted *certiorari* to resolve issues involving the authority of a county planning board to challenge an adverse decision of a county board of

---

\* Couch, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

appeals, and the authority of the board of appeals to participate in the ensuing litigation in circuit court as a party-appellee. Because of problems arising under Md. Rule 2–602, we now find we must dismiss the appeals for lack of jurisdiction. In one of the appeals, the trial court failed to certify an order certifiable under the Rule. In the other it certified a non-certifiable order.[1]

## I

Before discussing the jurisdictional problems we discern, we introduce the parties and set the factual and procedural scene. Appellant Besche Corporation (Besche) contracted to buy land in Howard County from appellant Howard Research and Development Corporation (HRD). HRD as owner and Besche as contract purchaser petitioned appellant Planning Board of Howard County (Planning Board) for an amendment to the Comprehensive Sketch Plan for the Village of Hickory Ridge. The amendment was designed to permit use of the land as an "Employment Center—Commercial Land Use Parcel." The Planning Board granted the petition.

Nearby property owners took that decision to the Howard County Board of Appeals, where HRD, Besche, and the Planning Board appeared as appellees. The Board of Appeals, concluding that the Planning Board had failed to evaluate properly certain legal criteria, remanded to the latter agency for reconsideration.

From the decision of the Board of Appeals, HRD and the Planning Board appealed to the Circuit Court for Howard County. This case was docketed as case no. 85–CA–1839 in that court. Besche also appealed to the circuit court. Its appeal was docketed as case no. 85–CA–1874. In each case the Board of Appeals answered as an appellee. In each

---

1. The two cases now before us were consolidated in the circuit court, as we shall later recount. Under the circumstances, however, each is to be treated separately for Rule 2–602 purposes. *Yarema v. Exxon Corp.*, 305 Md. 219, 240, 503 A.2d 239, 249–250 (1986).

case the appellees before us, Rosemary Mortimer and other property owners (Protesting Owners), intervened. The two cases were eventually consolidated by order of the circuit court.

In case no. 1839, the Protesting Owners moved to dismiss the Planning Board for lack of standing. On 30 December 1985 the circuit court granted the motion on the grounds that the Planning Board lacked express statutory authority to appeal a Board of Appeals decision, was not a party aggrieved by that decision, and had failed to show a legally sufficient special interest in the proceedings. The order dismissing the Planning Board was, however, stayed. On 5 May 1986 the circuit court declined to reconsider its dismissal of the Planning Board and as to that action lifted the stay. Neither the original nor the confirmatory order dismissing the Planning Board included a Rule 2–602 certification. The Planning Board and HRD appealed to the Court of Special Appeals. We shall designate this case as Appeal I.

In both cases no. 1839 and 1874, motions were made to dismiss the Board of Appeals. The argument was that the Board had no authority to participate in the appeals, as appellee, at the circuit court level. The circuit court denied these motions and on 10 July 1986, purportedly acting pursuant to Rule 2–602, found that "there is no just reason for delay in the entry of a final judgment as to the Board of Appeals' standing to participate in this case" and entered "as a final judgment" its order refusing to dismiss the Board. HRD and Besche appealed to the Court of Special Appeals. We shall designate this case as Appeal II.

## II

Appeal I on its face raises the question of whether the Planning Board had legal authority to appeal from the Board of Appeals to the Circuit Court for Howard County. In point of fact, though, the question is whether the order dismissing the Planning Board was an appealable order absent a Rule 2–602(b) certification. If it was not, we lack

jurisdiction to consider the matter, even absent a motion to dismiss on that basis. *Potter v. Bethesda Fire Dept. Inc.*, 302 Md. 281, 487 A.2d 288 (1985); *Smith v. Taylor*, 285 Md. 143, 400 A.2d 1130 (1979); Md.Rule 835 a 1. Appeal II raises the substantive question of the legal authority of the Board of Appeals to participate as appellee, in an appeal from its own decision. Here, however, the real question is whether the order refusing to dismiss the Board of Appeals was appealable despite the Rule 2–602(b) certification.[2] As noted, we must dismiss both appeals.

We preface our consideration of the two cases by some general remarks on appellate jurisdiction, Rule 2–602, and authority interpreting it. In doing so we shall make reference to Federal Rule of Civil Procedure 54(b). Rule 2–602 is derived from that federal rule and interpretations of it are especially persuasive in interpreting our own Rule. *East v. Gilchrist*, 293 Md. 453, 445 A.2d 343 (1982); *Pappas v. Pappas*, 287 Md. 455, 413 A.2d 549 (1980); *Diener Enterprises v. Miller*, 266 Md. 551, 295 A.2d 470 (1972); *Durling v. Kennedy*, 210 Md. 549, 123 A.2d 878 (1956) (dealing with former Md.Rule 605a, a predecessor to current Rule 2–602); P. Niemeyer and L. Richards, *Maryland Rules Commentary* at 348 (1984) [hereinafter Niemeyer].

For an appellate court to have subject matter jurisdiction, an appeal must generally be taken from a final judgment or an appealable interlocutory order. Md.Code (1984 Repl.Vol. & 1986 Cum.Supp.) §§ 12–301 and 12–303 of the Cts. & Jud.Proc. Art.; *Harris v. Harris, P.A.*, 310 Md. 310, 529 A.2d 356 (1987). So far as the final judgment requirement is concerned, it was long ago said that a judgment is of this character if it decides or settles the "very matter in controversy between the parties" and determines "the question of right in issue in the cause." *Nally v. Long*, 56 Md. 567, 571

---

**2.** At argument before us, one of the Protesting Owners moved to dismiss Appeal II on another basis. Since we believe that the appeal must be dismissed because of the Rule 2–602 problem, we need not consider this alternative argument.

(1881). That definition works well enough in a simple lawsuit in which a single plaintiff sues a single defendant on a single claim. But what happens when there are multiple parties and multiple claims, circumstances encouraged by the modern system of pleading that promote liberal joinder of parties, claims, cross-claims and counterclaims? Some of the claims or some of the parties or some of both may be disposed of at various stages of the litigation. If every disposition of this sort is appealable, the problems of disruption and delay at the trial level, overburden and duplication at the appellate level, and increased costs both to the parties and to the judicial system become substantial. *See, e.g., Harris,* 310 Md. at 314–315, 529 A.2d at 358 (discussing necessity of final judgment requirement).

The federal response to these problems was Federal Rule of Civil Procedure 54(b). *See* 6 J. Moore, W. Taggart, J. Wicker, *Federal Practice,* § 54.04[2] (2d ed. 1987) (discussing historic development of Rule 54(b)) [hereinafter cited as Moore].[3] Maryland's response, modelled on the federal rule, was Rule 605a, now designated as Rule 2-602.[4] In the

---

3. FRCP 54(b) states:
   (b) JUDGMENT UPON MULTIPLE CLAIMS OR INVOLVING MULTIPLE PARTIES. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

4. Some of the Maryland historical development is recounted in *Explanatory Notes of the Reporter [Robert R. Bowie, Esq.] on Rules of Procedure Recommended in the Second Report [of the Standing Committee on Rules of Practice and Procedure],* Flack's Annotated Code of Md., 1947 Cum. Supp., 2093, 2095–2106. In point of fact, the original rule was Rule 6(a), III, Part Two, Gen. Rules of Practice and Proce-

context of multiple-claim or multiple-party litigation, or both, the purpose of the rules is to avoid the costs, delays, frustrations, and unnecessary demands on judicial resources occasioned by piecemeal appeals. *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 100 S.Ct. 1460, 64

---

dure. But because original Rule 6(a) was virtually identical to former Rule 605a, we see no need to set forth the text of 6(a). Former Rule 605a provided:

Rule 605. Multiple Claims-Judgment Upon ... Gen'l.

a. *When Entered—As to Part of All.*

Where more than one claim for relief is presented in an action, whether as an original claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all claims.

It was repealed effective 30 June 1984, and Rule 2–602 took effect the following day. Rule 2–602, provides (and provided when these cases were in the circuit court):

Judgments Not Disposing of Entire Action

(a) Generally.—Except as provided in section (b) of this Rule, an order or other form of decision, however designated, that adjudicates fewer than all of the claims in an action (whether raised by original claim, counterclaim, cross-claim or third-party claim), or that adjudicates less than an entire claim, or that adjudicates the rights and liabilities of fewer than all the parties to the action:

(1) is not a final judgment;

(2) does not terminate the action as to any of the claims or any of the parties; and

(3) is subject to revision at any time before the entry of a judgment that adjudicates all of the claims by and against all of the parties.

(b) When Allowed.—If the court expressly determines in a written order that there is no just reason for delay, it may direct in the order the entry of a final judgment:

(1) as to one or more but fewer than all of the claims or parties; or

(2) pursuant to Rule 2–501(e)(3), for some but less than all of the amount requested in a claim seeking money relief only.

So far as those appeals are concerned, the changes made by the adoption and subsequent amendment of Rule 2–602 are, for the most part, immaterial. Therefore, we shall ordinarily make no distinction between cases discussing one rule or the other.

L.Ed.2d 1 (1980); *Parish v. Milk Producers Ass'n,* 250 Md. 24, 97–98, 242 A.2d 512, 553–554 (1968), *cert. denied,* 404 U.S. 940, 92 S.Ct. 280, 30 L.Ed.2d 253 (1971); *Durling v. Kennedy,* 210 Md. 549, 123 A.2d 878 (1956). A corollary purpose is to provide litigants with certainty as to the finality of judgments for appeal purposes. *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297 (1956); 6 Moore, § 54.04 [3.–5] at p. 54–52.

The design of Md.Rule 2–602 and its federal counterpart accomplishes these goals by viewing an action involving multiple claims or multiple parties as a single judicial unit ordinarily requiring complete disposition before a final appealable judgment may be entered. This single judicial unit theory historically governed actions involving multiple claims, and, to a lesser extent, multiple parties prior to the evolution of liberal pleadings. *Sears,* 351 U.S. at 431–432, 76 S.Ct. at 897–898, 100 L.Ed. at 1304. Moore explains:

> The general proposition underlying the single judicial unit theory was that an action constituted a single unit for disposition despite the fact that it embraced multiple claims or involved multiple parties; and a judgment lacked finality unless it completely disposed of this unit.

6 Moore, § 54.04 [2.–3] at p. 54–44. Recently in *State Highway Admin. v. Kee,* 309 Md. 523, 531, 525 A.2d 637, 641 (1987), we explained that "[a]bsent a proper certification, Rule 2–602 is designed to bring all issues in an action up for appellate review in one appeal."

Both Md.Rule 2–602 and FRCP 54(b) envision exceptions to this design and invest in the trial judge discretionary authority to manage complex cases by acting as a "dispatcher" of final orders. *See Curtiss-Wright Corp. v. General Elec. Co.,* 446 U.S. at 8, 100 S.Ct. at 1465, 64 L.Ed.2d at 11; *Blocher v. Harlow,* 268 Md. 571, 303 A.2d 395 (1973) (disapproved as to the use of Rule 885 in *Eastgate Assocs. v. Apper,* 276 Md. 698, 703, 350 A.2d 661, 664–665 (1976)). The enactment of both rules, therefore, reflects "a return to the general pre-rules equation of finality with complete disposition of the action, subject to a

limited discretion in the trial court to bend the general principle to avoid injustice." 6 Moore, § 54.27 [2.-2] at p. 54-115.

Absent the exercise of this discretionary authority, final decisions that completely dispose of one of several claims or the rights and liabilities of one of several parties are treated, essentially, as interlocutory orders. As this Court noted in *Lang v. Catterton*, 267 Md. 268, 272, 297 A.2d 735, 738 (1972), discussing the operation of former Rule 605a, "[t]he right of appeal is not denied, but the time for taking the appeal is regulated in the interest of judicial administration and to prevent piecemeal appeals."

■ The discretionary authority, of course, is found in the trial court's power to direct "the entry of a final judgment" as to a particular claim or party if it "expressly determines in a written order that there is no just reason for delay...." Rule 2-602(b). In the exceptional case, the trial judge may decide that early appellate decision of a particular point is of sufficient importance, or that delay will produce sufficient hardship or unfairness, to outweigh the general policy against piecemeal appeals. The judge may then certify for immediate appeal an order that would otherwise be unappealable until the case terminates upon the disposition of all claims of all parties.

■ The exercise of discretion is reviewable and should not be routinely exercised. A separate appeal under Rule 2-602 should be allowed "only ... in the very infrequent harsh case." *Diener*, 266 Md. at 556, 295 A.2d at 473; *see also Allstate Ins. Co. v. Angeletti*, 71 Md.App. 210, 524 A.2d 798 (1987); *Canterbury Rid. Condo. v. Chesapeake Inv.*, 66 Md.App. 635, 505 A.2d 858 (1986). But improper exercise of discretion aside, there are other situations in which a certification under Rule 2-602 is not permissible.[5]

---

5. There also are circumstances (even in the multiple-party or multiple-claim situation) in which no Rule 2-602 certification is necessary to produce immediate appealability. An example is an interlocutory

For example, an order which disposes of only part of a single claim is not certifiable under Rule 2–602. *Washington Sub. San. Comm'n v. Frankel,* 302 Md. 301, 308, 487 A.2d 651, 655 (1985); *Biro v. Schombert,* 285 Md. 290, 294, 402 A.2d 71, 74 (1979). Such an order does not partake of the finality that has traditionally been required for conventional appealable orders. *Potter v. Bethesda Fire Dept. Inc.,* 302 Md. at 285–287, 487 A.2d at 290–291. As Judge Eldridge has explained for the Court:

> the authorization in Federal Rule 54(b) and Maryland Rule 605a for trial judges to make certain orders appealable, is limited to orders which, by their nature, have a characteristic of finality. Such orders must be completely dispositive of an entire claim or party.

*Snowden v. Baltimore Gas & Electric,* 300 Md. 555, 563, 479 A.2d 1329, 1333 (1984).

Put otherwise, Rule 2–602 does not operate to modify one of the statutory conditions for appellate jurisdiction—the existence of a final judgment. The threshold requirement for the invocation of Rule 2–602 is an order that but for multi-party or multi-claim circumstances, would be final in the traditional sense. This rationale mirrors the federal interpretation of Rule 54(b).

In *Sears, Roebuck & Co. v. Mackey,* the Supreme Court observed that Rule 54(b) does not eliminate the requirement of a final judgment for the proper exercise of review under 28 U.S.C.A. § 1291. The Court explained that 54(b)

> does not relax the finality required of each decision, as an individual claim, to render it appealable, but it does provide a practical means of permitting an appeal to be taken from one or more final decisions on individual claims, in multiple claims actions, without waiting for final deci-

order appealable under § 12–303 of the Cts. & Jud.Proc. Art. *See Pappas,* 287 Md. at 462–463, 413 A.2d at 552; *Funger v. Mayor of Somerset,* 244 Md. 141, 223 A.2d 168 (1966); *Della Ratta v. Dixon,* 47 Md.App. 270, 422 A.2d 409 (1980).

sions to be rendered on *all* the claims in the case [emphasis in original].

351 U.S. at 435, 76 S.Ct. at 899, 100 L.Ed. at 1306.

The Court cautioned that Rule 54(b) "does not supersede any statute controlling appellate jurisdiction. It scrupulously recognizes the statutory requirement of a 'final decision' under § 1291 as a basic requirement for an appeal. ..." *Id.* at 438, 76 S.Ct. at 901, 100 L.Ed. at 1307. In *Curtiss-Wright Co. v. General Elec. Co.,* 446 U.S. at 7–8, 100 S.Ct. at 1464–1465, 64 L.Ed.2d at 11, the Court, in reference to *Sears,* explained the application of Rule 54(b):

> A district court must first determine that it is dealing with a "final judgment." It must be a "judgment" in the sense that it is a decision upon a cognizable claim for relief, and it must be "final" in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." Once having found finality, the district court must go on to determine whether there is any just reason for delay [citation omitted].

*See also Corrosioneering v. Thyssen Environmental Sys.,* 807 F.2d 1279 (6th Cir.1986); *United States Gen. v. Albert,* 792 F.2d 678 (7th Cir.1986); *Flegenheimer v. General Mills,* 191 F.2d 237 (2d Cir.1951). Also illuminating is *Marino v. Nevitt,* 311 F.2d 406 (3d Cir.1963). There, dismissing an appeal pursuant to Rule 54(b) after finding a partial adjudication of a single claim, the Court of Appeals for the Third Circuit stated the concept succinctly:

> The normal jurisdiction of courts of appeals is limited to the review of final judgments. This jurisdiction is not enlarged by amended Rule 54(b) of the Federal Rules of Civil Procedure. Notwithstanding the provisions of the said rule, finality of judgment is still a prerequisite to the right of appeal [citations omitted].

311 F.2d at 408.

State courts, interpreting their own counterparts to Rules 54(b) and 2–602, have adopted this sound reasoning. *See Stevens v. Mehagian's Home Furnishings,* 90 Ariz. 42, 365

P.2d 208 (1961); *Patterson v. Missouri Valley Steel,* 229 Kan. 481, 625 P.2d 483 (1981); *Indiana Lumbermen's Mut. Ins. Co. v. Curtis Mathes Mfg. Co.,* 456 So.2d 750 (Miss. 1984); *Pate v. Marathon Steel Co.,* 692 P.2d 765 (Utah 1984); *Jursich v. Arlington Heights Fed. Sav. & Loan Ass'n,* 83 Ill.App.3d 352, 38 Ill.Dec. 656, 403 N.E.2d 1260 (1980).

█ In short, a prerequisite for the invocation of the certification procedure embodied in Rule 2–602(b) is an order which, absent the circumstances of multiple parties or multiple claims, would be final in the traditional sense. An order that does not meet this requirement is not certifiable under the Rule.

With these principles in mind, we turn to the two orders before us.

### III

█ Appeal I, it will be recalled, is based on an order dismissing the Planning Board as a party-appellant in the trial court. The order is final in the traditional sense—"an unqualified order granting a motion to dismiss ..., thereby putting the parties out of court, is a final appealable order." *Houghton v. County Comm'rs of Kent Co.,* 305 Md. 407, 412, 504 A.2d 1145, 1148, *on reconsideration,* 307 Md. 216, 513 A.2d 291 (1986); *Houghton,* 307 Md. at 221–222, 513 A.2d at 293 (and cases cited therein); *see also Central Collection v. Columbia Medical,* 300 Md. 318, 478 A.2d 303 (1984); *Reynolds v. Russler,* 128 Md. 606, 98 A. 75 (1916). Moreover, there was arguably but a single claim in this case; both the trial court appellants (HRD and the Planning Board) were seeking the same relief—reversal of the Board of Appeals—based on the same facts. But there were multiple parties.

Former Rule 605 a did not, in terms, mention multiple parties, although we have noted that its multiple-claims provision also included multiple parties. For example, in *Frankel,* 302 Md. at 309, 487 A.2d at 655, we observed that

"[a] judgment which terminates the action as to a party can be certified for immediate appeal under . . . Rule 605a." Similarly, in *Snowden,* 300 Md. at 561, 479 A.2d at 1332, we noted that "if a trial court's order is dispositive with respect to one party, the order can be made final as to that party by the express determination and direction required under Rule 605a." *Accord Blucher v. Ekstrom,* 309 Md. 458, 462, 524 A.2d 1235, 1237 (1987); *Tedrow v. Ford Motor Co.,* 260 Md. 142, 271 A.2d 688 (1970); *Picking v. State Fin. Co.,* 257 Md. 554, 263 A.2d 572 (1970). In any case, Rule 2-602 now contains explicit language making it applicable to multiple parties as well as to multiple-claim cases. *See* Niemeyer at 349.

That the action involves a single claim, therefore, will not defeat the application of Rule 2-602 so long as multiple parties are involved. *See Liberty Mut. Ins. Co. v. Wetzel,* 424 U.S. 737, 743 n. 3, 96 S.Ct. 1202, 1206 n. 3, 47 L.Ed.2d 435, 441 n. 3 (1976). The development of Rule 54(b) supports this view. In 1961 Rule 54(b) was amended to its present form to expressly include multiple parties. Prior to 1961, Rule 54(b) encompassed only multiple claims, and orders in single-claim actions involving multiple parties could not be certified as final judgments. *See Goldlawr, Inc. v. Heiman,* 273 F.2d 729 (2d Cir.1959).

It has been explained that

[t]he 1961 amendment [to Rule 54(b) ] expanded the coverage of the Rule to include actions when "multiple parties are involved," but otherwise made no change. It remains true, therefore, that unless multiple parties are involved Rule 54(b) can have no application in a single-claim case.

6 Moore, § 54.33[2] at p. 54-188. Properly to invoke the Rule, therefore, the "judgment entered under Rule 54(b) must completely dispose of at least one claim, or completely adjudicate the rights and liabilities of one party." *Id.,* § 54.-33 at p. 54-187. This is a rational interpretation of our own Rule 2-602; appeals, therefore, from single-claim actions involving multiple parties are governed by Rule 2-602.

As to Appeal I, then, the order dismissing the Planning Board had the characteristics of finality in the traditional sense. But because, in the language of Rule 2–602(a), "it adjudicated the rights and liabilities of fewer than all the parties to the action," it was not a final judgment for appeal purposes, absent certification pursuant to Rule 2–602(b). *See United General,* 792 F.2d at 680–681 ("a decision with respect to an individual party in multi-party litigation is final when the claims regarding that party's rights and liabilities have been fully resolved"); *Patterson v. Missouri Valley Steel,* 229 Kan. 481, 625 P.2d 483 (1981) (under state counterpart to FRCP 54(b), order granting motion to dismiss as to one party in multiple-party action is appropriate for certification). Since there was no certification, we lack jurisdiction. Appeal I must be dismissed. *See State Highway Admin. v. Kee,* 309 Md. at 529–530, 525 A.2d at 640 (1987) (in multiple-party case, when adjudication disposed of claim against only one party, appeal dismissed absent Rule 2–602(b) certification).

## IV

We now turn to Appeal II, in which the circuit court denied a motion to dismiss the Howard County Board of Appeals as a party-appellee in that court.

As to the order denying the motion, the circuit court judge found "there is no just reason for delay in the entry of a final judgment as to the Board of Appeals' standing to participate as a party in this case...." He entered the order as a final judgment. In short, he purported to certify the order and make it appealable in this multi-party case, pursuant to Rule 2–602(b).

The difficulty here is that, as we explained in Part II of this opinion, an order is not certifiable under the Rule unless the order displays the characteristics of finality. The denial of a motion to dismiss is not an order that settles the matter in controversy or adjudicates completely the rights and liabilities of the parties. It merely maintains the status quo of the litigation and, having none of the charac-

teristics of finality, is inherently an interlocutory order. *See Snowden,* 300 Md. at 563, 479 A.2d at 1333; *Dackman v. Dackman,* 252 Md. 331, 250 A.2d 60 (1969); *Eisel v. Howell,* 220 Md. 584, 155 A.2d 509 (1959); *see also Highfield Water Co. v. Wash. Co. San.,* 295 Md. 410, 456 A.2d 371 (1983); *Lawrence v. Dep't of Health,* 247 Md. 367, 231 A.2d 46 (1967). A final order, in the context of a multiple-parties action, is "one that wholly dispose[s] of one or more but fewer than all of the ... parties in the action," and "[a]n order denying a motion to dismiss certainly does not dispose of ... a party; therefore, it is not final within the meaning of Rule 54(b) and is not eligible for certification." *Pate v. Marathon Steel Co.,* 692 P.2d 765, 768 (Utah 1984) (discussing that state's counterpart to Federal Rule 54(b) and Md. Rule 2–602); *see also Little v. Mitchell,* 604 P.2d 918 (Utah 1979).

Similarly, in *Jursich v. Arlington Heights Fed. Sav. & Loan Ass'n,* 83 Ill.App.3d 352, 38 Ill.Dec. 656, 403 N.E.2d 1260 (1980), the court determined it did not have jurisdiction to review an appeal from the denial of a motion to dismiss, despite compliance with that state's counterpart to Federal Rule 54(b) and Md.Rule 2–602. The court explained

> the denial of [a] motion to dismiss is not, of itself, a final appealable order. Rather, it is merely an interlocutory order which does not finally dispose of the proceeding in such a way as to give the appellate court jurisdiction on appeal [citations omitted].

83 Ill.App.3d at 353, 38 Ill.Dec. at 657–658, 403 N.E.2d at 1261–1262.

The court reasoned that though a trial court may expressly determine there is no just reason for delay and direct the entry of a final judgment, that exercise of discretion does not make an order appealable. "Such a finding only makes a final order appealable. It cannot make a nonfinal order, such as the denial of a motion to dismiss, into a final order." 83 Ill.App.3d at 353, 38 Ill.Dec. at 658, 403 N.E.2d at 1262. *See also Howard v. Parisian,* 807 F.2d 1560, 1566 (11th Cir.1987). There, in concluding that an order denying a jury

demand in a civil case was interlocutory and inappropriate for Rule 54(b) certification, the court explained that "Rule 54(b) does not empower a court to transform an interlocutory order into a final order for purposes of appeal."

We agree with the reasoning advanced in these cases. Accordingly, we hold that the circuit court improperly certified the order in Appeal II, because that order was not capable of being made final under Rule 2–602(b). As a consequence, we must dismiss this appeal as well.

APPEALS DISMISSED. CASES REMANDED TO THE CIRCUIT COURT FOR HOWARD COUNTY FOR FURTHER PROCEEDINGS. APPELLANTS TO PAY THE COSTS.