632 A.2d 763

Douglas EDSALL et ux.

v.

ANNE ARUNDEL COUNTY, MD et al.

Larry A. LAYTON

v.

Sheryl L. LAYTON.

No. 44 Sept. Term, 1992.

Court of Appeals of Maryland.

Nov. 8, 1993.

William M. Ferris, argued and briefed (Lynn T. Krause, Krause & Ferris, on brief), Annapolis and Jonathan A. Azrael, argued and briefed (Azrael, Gann and Franz, on brief), Towson, for appellant.

William M. Simmons, Jehanne, McIntyre, Edwards, all on brief, Annapolis, Mary Roby Sanders, Towson, argued (Ann M. Turnbull, Turnbull, Wase & Lyons, P.A., on brief), for appellee.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, KARWACKI and ROBERT M. BELL, JJ.

McAULIFFE, Judge.

Pursuant to Maryland Rule 8–304(a) the Court of Special Appeals certified to this Court a question generated by two cases pending before it: *Edsall v. Anne Arundel County* and *Layton v. Layton.* The question certified is:

> If a notice of appeal is filed prior to the withdrawal or disposition of a timely filed motion under Rule 2–532, 2–533, or 2–534, must a new notice of appeal be filed within 30 days after withdrawal or disposition of the motion, or does the earlier filed notice of appeal suffice to constitute a timely appeal?

The facts of the *Edsall* case most clearly present the question certified. The relevant facts of that case are set forth in chronological order (all dates are 1992):

Feb. 28 Final judgment against Edsalls entered on docket.

Mar. 9 Motion to alter or amend judgment, pursuant to Md.Rule 2–534, filed by Edsalls.

Mar. 26 Notice of appeal filed by Edsalls.

Apr. 14 Motion to alter or amend denied.

June 3 Motion to dismiss Edsalls' appeal filed in Court of Special Appeals by appellee Caroline Hill.

█ Appellee contends that the notice of appeal filed on March 26 was ineffective because the finality of the judgment

had been interrupted by the timely filing of a motion to alter or amend the judgment. She argues that Maryland Rule 8–202(c) recognizes as effective only a notice of appeal filed within 30 days after withdrawal or disposition of one of the designated post-judgment motions. Rule 8–202(c) provides:

In a civil action, when a timely motion is filed pursuant to Rule 2–532, 2–533, or 2–534, the notice of appeal shall be filed within 30 days after entry of (1) a notice of withdrawing the motion or (2) an order denying a motion pursuant to Rule 2–533 or disposing of a motion pursuant to Rule 2–532 or 2–534. A notice of appeal filed before the withdrawal or disposition of any of these motions does not deprive the trial court of jurisdiction to dispose of the motion.

The Edsalls reply that their notice of appeal was timely and effective because it complied with Rule 8–202(a), which provides, in pertinent part:

Except as otherwise provided in this Rule or by law, the notice of appeal shall be filed within 30 days after entry of the judgment or order from which the appeal is taken.

The Edsalls contend that §§ (a) and (c) of Rule 8–202 should be read in harmony; that an appeal taken within 30 days after entry of final judgment is always timely; and in addition, if one of the post-judgment motions specified in § (c) of the Rule has been filed, a notice of appeal filed more than 30 days after the original entry of judgment, but within 30 days after the withdrawal or disposition of such a motion, will also be effective.

The Edsalls contend that to hold otherwise would be to create a trap for a litigant who relied on the plain language of § (a), and that § (c) should be reviewed as complementing rather than supplanting § (a). Moreover, they argue, the history of Rule 8–202(c) bears out their belief that a timely notice of appeal filed in accordance with § (a) does not lose its efficacy simply because one of the post-judgment motions specified by the Rule has been filed. They point out that before amendment and renumbering of the Rule in 1988, the

subject matter of § (c) was contained in Rule 1012d, which provided:

> In a civil action when a timely motion is filed (1) for judgment notwithstanding the verdict pursuant to Rule 2–532, (2) for a new trial pursuant to Rule 2–533, or (3) to alter or amend a judgment pursuant to Rule 2–534, the order for appeal shall be filed within thirty days from the date of entry of an order denying, overruling, or dismissing a motion for new trial or disposing of a motion for judgment notwithstanding the verdict or a motion to alter or amend a judgment. *An order for appeal filed before the timely filing or the disposition of any of these motions shall have no effect, and a new order for appeal must be filed within the time above provided.*

(Emphasis added.) The Edsalls contend that the deletion of the last sentence of § 1012d, and the substitution of the current language is significant, and indeed changed the effect of the Rule upon a notice of appeal filed before the filing or disposition of the specified post-judgment motions. We agree that application of the usual rules of interpretation, as well as principles of fairness, compel that conclusion.

The deletion of the last sentence of Rule 1012d and the insertion of the new language was accomplished at the express direction of this Court. The Standing Committee on Rules had proposed retention of the language of Rule 1012d. The Court, however, expressed concern that as then written, the Rule might be in conflict with a new concept that was being introduced by Rule 8–602(d). Rule 8–602(d) provides:

> A notice of appeal from a ruling, decision, or order that would be appealable upon its entry on the docket, filed after the announcement of the ruling, decision, or order by the trial court but before entry of the ruling, decision, or order on the docket, shall be treated as filed on the same day as, but after, the entry on the docket.

This Court, in its discussion of the proposed revision of the Rules, noted that by the adoption of Rule 8–602, the Court wished to "rescue" certain appeals that might otherwise be

lost because of the application of existing technical requirements.[1] Members of the Court expressed the belief that there was a facial inconsistency between the last sentence of Rule 1012d, containing the nullification language, and the concept of attempting to give effect to notices of appeal that had been filed prematurely. Judge Rodowsky suggested that the nullification language be deleted from proposed Rule 8–202(c). Judge Eldridge agreed, noting that the Rule should be written "to give effect to [an] order of appeal once the trial judge rules on a motion for new trial." Minutes of the Court of Appeals meeting of October 27, 1987. It was then suggested that deleting the nullification language could give rise to a separate question—the jurisdiction of the trial court to determine a post-judgment motion after a notice of appeal had been filed. To resolve that problem, the present language of Rule 8–202(c), providing that the filing of a notice of appeal does not deprive the trial court of jurisdiction to dispose of post-judgment motions, was inserted.

It is apparent, therefore, from the history of Rule 8–202(c) that the Court intended to change the effect of the Rule with respect to appeals filed after the entry of a final judgment but before the filing or during the pendency of the post-judgment motions specified in the Rule. The notice of appeal, if otherwise effective under the provisions of Rule 8–202(a), will not lose its efficacy because a timely post-judgment motion is filed or is pending, but its effect will be delayed until the trial court rules on the pending motion, or it is withdrawn,[2] as provided by the Rule.

---

1. *See* minutes of the open meeting of the Court of Appeals considering the 97th Report of the Rules Committee, May 13 and October 27, 1987.

2. Appellee suggests that this approach may cause some uncertainty among the clerks of the circuit courts as to when preparation of the record for appeal should begin. As we point out, the notice of appeal should not generate appeal activity until a timely post-judgment motion has been withdrawn or resolved. A more difficult question may arise when the party with an appeal pending receives a favorable ruling on a post-judgment motion. In that event, the party who has noted the appeal bears the responsibility of withdrawing it, if that is the party's intention.

 Even if the history of Rule 8–202(c) were not as clear as it is concerning the intent of the Court in amending the Rule, our answer to the certified question would be the same. The deliberate deletion of the nullification language of the previous version of the Rule would have to be given weight in the interpretation of the amended version. As Chief Judge Sobeloff of the United States Court of Appeals for the Fourth Circuit pointed out in discussing the analogous task of interpreting a statute:

> In its task of construing a statute a court is no more free to interpolate a word that the legislature has removed by amendment than it would have been warranted in ignoring that word before the amendment was made. Especially is this true if the word removed has a history of judicially established significance.

*Gkiafis v. Steamship Yiosonas,* 342 F.2d 546, 552 (4th Cir. 1965). Moreover, the Court's inclusion of the final sentence of Rule 8–202(c), "[a] notice of appeal filed before the withdrawal or disposition of any of these motions does not deprive the trial court of jurisdiction to dispose of the motion," compels the conclusion that the Court intended to treat such an appeal as having efficacy. If the Court had intended otherwise, there would be no need to include that language.

Even if we had found an unresolved ambiguity between the provisions of §§ (a) and (c) of Rule 8–202, we would have agreed with the better reasoned federal cases dealing with a similar question concerning notices of appeal filed before or during the pendency of post-judgment motions in federal criminal cases. We would have concluded that the ambiguity should be resolved in favor of preservation of the appeal. *See United States v. Garrison,* 963 F.2d 1462, 1463–66 (11th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 393, 121 L.Ed.2d 301 (1992) (requiring a criminal defendant to file a second appeal after the disposition of certain post-trial motions would prove to be a trap for the unwary litigant); *United States v. Jackson,* 950 F.2d 633, 635–36 (10th Cir.1991) (a criminal defendant should not lose his right to appeal because of an ambiguous rule); *United States v. Cortes,* 895 F.2d 1245, 1246–47 (9th

Cir.), *cert. denied,* 495 U.S. 939, 110 S.Ct. 2191, 109 L.Ed.2d 519 (1990) (same). *See also* 16 Wright, Miller, and Cooper, *Federal Practice and Procedure* § 3950 at 484, 529–30 n. 10.17 (1977, 1993 Supp.).

We therefore answer the certified question as follows: a notice of appeal filed prior to the withdrawal or disposition of a timely filed motion under Rule 2–532, 2–533, or 2–534, is effective. Processing of that appeal is delayed until the withdrawal or disposition of the motion. The trial court retains jurisdiction to decide the motion notwithstanding the filing of the notice of appeal.

CERTIFIED QUESTION ANSWERED AS HEREIN SET FORTH; CASE REMANDED TO THE COURT OF SPECIAL APPEALS FOR FURTHER PROCEEDINGS; ASSESSMENT OF COSTS TO BE DETERMINED BY THE COURT OF SPECIAL APPEALS.