688 A.2d 459

Mary G. WATERS

v.

Ella Mae WHITING, et al.

Ella Mae WHITING, et vir

v.

Nick STEVENSON, et al.

No. 431, Sept. Term, 1996.

Court of Special Appeals of Maryland.

Jan. 31, 1997.

Nathaniel Fick, Towson, for appellant Waters.

Joann M. Wood (David W. Densford, on the brief), Leonard-town, for Whiting, et vir.

Bryan T. Dugan (Bill D. McKissick and Dugan & McKissick, L.L.C., on the brief), Lexington Park, for appellees Stevenson, et al.

Argued before CATHELL, DAVIS, and EYLER, JJ.

EYLER, Judge.

On October 19, 1993, appellees, Ella Mae Whiting and Donald Earnest Whiting, sued appellant Mary G. Waters, as well as Lenell Waters, Nick and Cheryl Stevenson, and Raymond and Belva Mathieson. The Whitings voluntarily dismissed the Mathiesons and Lenell Waters from the suit prior to trial.

On November 7 through 9, 1995, a jury trial was held in the Circuit Court for St. Mary's County on issues raised in a second amended complaint filed by the Whitings against Mary Waters and the Stevensons. The second amended complaint contained eight counts: civil conspiracy, interference with prospective advantage, trespass, invasion of privacy, violation of the Maryland Declaration of Rights, intentional infliction of emotional distress, and malicious prosecution. The jury returned a verdict for the Whitings against Cheryl Stevenson and Mary Waters for interference with prospective advantage, against Mary Waters and the Stevensons for invasion of privacy, against Cheryl Stevenson and Mary Waters for inten-

tional infliction of emotional distress as to Ella Mae Whiting, and against Mary Waters for malicious prosecution as to Ella Mae Whiting. The jury assessed damages against Cheryl Stevenson in the total amount of $9,000 and against Mary Waters in the total amount of $14,000.[1]

Judgment was entered against Mary Waters and the Stevensons on November 9, 1995. On November 20, 1995, the Stevensons timely filed a motion for judgment notwithstanding the verdict and, on November 22, 1995, Mary Waters filed a motion for judgment notwithstanding the verdict. The latter motion was not filed within 10 days after entry of the judgment. Consequently, Mary Waters, believing that the November 9 judgment was final and appealable as to her, filed a notice of appeal on December 8, 1995. Subsequently, she withdrew her post-judgment motion.

On April 22, 1996, the circuit court granted the Stevensons' motion for judgment notwithstanding the verdict. On May 10, 1996, the Whitings filed a notice of appeal from the judgment entered in favor of the Stevensons. In this Court, prior to the filing of briefs, Mary Waters filed a "motion for extraordinary relief" in which she observed the following:

> This situation is now at cross-purposes: Mary G. Waters is appealing a verdict that has now been overturned, while the original plaintiffs are appealing the circuit court's action granting the judgment notwithstanding verdict.

Mary Waters requested that she be placed in the same posture as the other defendants in the case; specifically, she requested that we either dismiss the appeal without prejudice or remand the case to the circuit court with instructions to entertain a refiled motion for judgment notwithstanding the verdict under Rule 2–532 or a revisory motion under Rule 2–

---

1. The jury assessed damages in the amount of $4,000 against Cheryl Stevenson and Mary Waters for interference with prospective advantage, $5,000 against Cheryl Stevenson and Mary Waters for intentional infliction of emotional distress as to Ella Mae Whiting, and $5,000 against Mary Waters for malicious prosecution as to Ella Mae Whiting. The jury assessed no damages for invasion of privacy.

535. This Court declined to grant the relief requested but, at the same time and on our own initiative, ordered that the parties address in their briefs the following question:

When, in a multi-party action, judgment is rendered on all claims against all parties and one or more, but fewer than all, parties files a timely motion under Rule 2–532, 2–533, or 2–534, is the time for filing an appeal by a party who has not filed such a motion stayed until the motion filed by the other part(ies) is withdrawn or ruled upon?

All parties involved in this tragedy lived in the same neighborhood in St. Mary's County. Donald Whiting was arrested on November 2, 1991 and charged with sexual offenses involving minor females, including a daughter of Mary Waters and a daughter of the Stevensons. Donald Whiting's trial began in December 1992, but it ended with a mistrial. Trial was rescheduled for March 10, 1993. On that date, Donald Whiting pled not guilty to an agreed statement of facts, and the circuit court found him guilty of sexual offenses with respect to three minor females, including the Stevenson and Waters minors.

The Stevensons filed a civil action seeking damages against Donald Whiting based on the sexual abuse of their daughter. A trial resulted in a jury verdict for the Stevensons. Mary Waters filed a similar civil action against Donald Whiting and that trial resulted in a verdict in his favor. Subsequently, Mary Waters initiated criminal complaints against the Whitings, alleging harassment. The Whitings were arrested, but the charges eventually were dismissed.

On May 29, 1993, and again on August 31, 1993, the Whitings hosted a V.O.C.A.L.[2] gathering on their property. This incensed the other parties. Cheryl Stevenson and Mary Waters made various signs and posted them in the neighborhood, identifying Donald Whiting as a convicted child molester.

---

2. The full name of the organization is Victims of Child Abuse Laws.

These events left all of the parties with resentment that continued to build over time. Several incidents occurred with respect to the Whitings' property that the Whitings attribute to the Stevensons and Mary Waters: signs disappeared, their mailbox repeatedly was stuffed with junk mail, a fire was started on their property in December 1992, they received phone calls but, upon answering, the caller would hang up, and they were unable to rent a second home that they owned as a rental property.

As mentioned previously, the Whitings filed suit in October, 1993 and the matter is now before this Court.

## Issues

Mary Waters appeals and, in addition to the issue posed by this Court, raises the following issues, as condensed and rephrased by us:

1.  Did the circuit court err in failing to grant a motion for judgment as to each claim because the evidence was insufficient to support a verdict?

2.  Were the activities that formed the basis of the invasion of privacy claim protected by the First Amendment?

The Whitings appeal and, in addition to the issue posed by this Court, raise the following additional issues, as condensed and rephrased by us:

1.  Did Cheryl Stevenson's failure to move for judgment at the close of the Whitings' case preclude her filing of a motion for judgment notwithstanding the verdict?

2.  Did the circuit court err in granting Cheryl Stevenson's motion for judgment notwithstanding the verdict with respect to the claims for interference with prospective advantage and intentional infliction of emotional distress? [3]

---

**3.** The Stevensons, in their brief, describe their status as appellees/cross-appellants, but the record does not reveal a notice of appeal filed by the Stevensons.

## Discussion

■ With respect to the issue posed by this Court, all parties agree that the filing of post judgment motions by the Stevensons did not toll Mary Waters' time for noting an appeal and, consequently, Mary Waters had 30 days from the entry of the judgment on November 9, 1995, within which to note an appeal. The parties reason that the jury rendered separate verdicts for each defendant and that separate judgments were docketed. The parties lament, however, that the Maryland Rules give precious little guidance regarding this issue. We agree with the parties that the Maryland Rules do not specifically refer to the situation in which fewer than all defendants in a multi-defendant case file post trial motions. We read Rule 8–202 to provide that the timely filing of a post judgment motion pursuant to Rules 2–532, 2–533, or 2–534 by any single party in a multi-party case extends the time for noting an appeal for all parties.

■ Section 12–301 of the Courts & Judicial Proceedings Article of the Maryland Code, Md.Code Ann. (1995 Repl.Vol. & 1996 Supp.), provides in pertinent part that, except in certain instances not relevant here, a party may appeal only from a final judgment. This requirement is a jurisdictional requirement. *Popham v. State Farm Mut. Ins. Co.*, 333 Md. 136, 142, 634 A.2d 28 (1994). We recently commented on the importance of the final judgment doctrine, noting that it is " 'based on the theory that piecemeal appeals are oppressive and costly, and that optimal appellate review is achieved by allowing appeals only after the entire action is resolved in the trial court. . . .' " *Jenkins v. Jenkins,* 112 Md.App. 390, 409, 685 A.2d 817 (1996) (quoting 4 Am.Jur.2d *Appellate Review* § 86 (1995 & Supp.1996)). *See also Harris v. David S. Harris, P.A.,* 310 Md. 310, 314–15, 529 A.2d 356 (1987).

■ A judgment is considered final "if it decides or settles the 'very matter in controversy between the parties' and determines 'the question of right in issue in the cause.' " *Planning Board v. Mortimer,* 310 Md. 639, 644–45, 530 A.2d 1237 (1987) (quoting *Nally v. Long,* 56 Md. 567, 571 (1881)). "In addition to being intended as an unqualified, final disposi-

tion of the matter in controversy,[4] ... '[t]he judgment must settle the rights of the parties, thereby concluding the cause of action.'" *Popham*, 333 Md. at 142, 634 A.2d 28 (quoting *Estep v. Georgetown Leather Design*, 320 Md. 277, 282, 577 A.2d 78 (1990)). Further, the filing of post trial motions deprives an otherwise final judgment of its appealability until such motions have been resolved. *Id.* at 144, 634 A.2d 28; *Unnamed Attorney v. Attorney Grievance Commission*, 303 Md. 473, 494 A.2d 940 (1985).

Here, the parties contend that at the time the verdicts and judgment were entered on the docket, all of the issues in the case were finally determined and settled by the circuit court. They further contend that Mary Waters's failure to file timely a post judgment motion left the judgment against her final and appealable. While we agree that the judgments would have been final and appealable as of November 9, 1995 had no post judgment motions been filed by the Stevensons, the judgments lost their finality for purposes of appeal once the Stevensons' motions were filed.

Rule 8–202(c) provides as follows:

**(c) Civil Action—Post Judgment Motions.**—In a civil action, when a timely motion is filed pursuant to Rule 2–532, 2–533, or 2–534, the notice of appeal shall be filed within 30 days after entry of (1) a notice of withdrawing the motion or (2) an order denying a motion pursuant to Rule 2–533 or disposition of a motion pursuant to Rule 2–532 or 2–534. A notice of appeal filed before the withdrawal or disposition of any of these motions does not deprive the trial court of jurisdiction to dispose of the motion.

Although this rule does not expressly address the multi-party situation before us,[5] it must be read in conjunction with Rule 2–602 and the cases interpreting that rule.

Rule 2–602(a) provides as follows:

---

**4.** Citing *Sisk & Son v. Friendship Packers*, 326 Md. 152, 159, 604 A.2d 69 (1992); *Rohrbeck v. Rohrbeck*, 318 Md. 28, 41, 566 A.2d 767 (1989).

**5.** *Compare* Federal Rule of Appellate Procedure 4(a)(4).

(a) **Generally.**—Except as provided in section (b) of this Rule, an order or other form of decision, however designated, that adjudicates fewer than all of the claims in an action (whether raised by original claim, counterclaim, cross-claim or third-party claim), or that adjudicates less than an entire claim, or that *adjudicates the rights and liabilities of fewer than all the parties to the action:*

(1) is not a final judgment;

(2) does not terminate the action as to any of the claims or any of the parties; and

(3) is subject to revision at any time before the entry of a judgment that adjudicates all of the claims by and against all of the parties.

As explained by the Court of Appeals in *Mortimer,* the *Nally* definition of final judgment is workable in a simple lawsuit involving a single plaintiff, a single defendant, and a single claim. *Mortimer,* 310 Md. at 644–45, 530 A.2d 1237.

But what happens when there are multiple parties and multiple claims, circumstances encouraged by the modern system of pleading that promote liberal joinder of parties, claims, cross-claims and counterclaims? Some of the claims or some of the parties or some of both may be disposed of at various stages of litigation. If every disposition of this sort is appealable, the problems of disruption and delay at the trial level, overburden and duplication at the appellate level, and increased costs both to the parties and to the judicial system become substantial.

*Id.* at 645, 530 A.2d 1237. As the Court noted in that case, Rule 2–602 (formerly Rule 605a) and its federal counterpart, Rule 54(b), were designed to address such problems. The effect of these rules is to view "an action involving multiple claims or multiple parties as a single judicial unit ordinarily requiring complete disposition before a final appealable judgment may be entered." *Id.* at 647, 530 A.2d 1237. Accordingly, a judgment lacks finality unless it completely disposes of the judicial unit. *Id.* (citing 6 J. Moore, W. Taggert, J. Wicker, *Federal Practice,* § 54.04[2.–3] at p. 54–44 (2d

ed.1987)). Rule 2–602 does empower the trial court to permit exceptions to the rule:

> **(b) When Allowed.**—If the court expressly determines in a written order that there is no just reason for delay, it may direct in the order the entry of a final judgment:
>
> (1) as to one or more but fewer than all of the claims or parties....

Absent an exercise of this power, however, there are no exceptions to the judicial unit rule. *Mortimer*, 310 Md. at 648, 530 A.2d 1237.

This case does not present a classic Rule 2–602 issue but, instead, involves the intersection of the principles of Rule 2–602 and the rules governing post judgment motions under Rules 2–532, 2–533 and 2–534. In this case, judgments were entered that did dispose of all claims by and against all parties. The question here is whether the judicial unit rule applies to such post judgment procedures. Stated somewhat differently, did the Stevensons' timely filing of post judgment motions suspend the appealability of only the judgments attacked, or did such motions suspend the appealability of the entire judicial unit?

We believe that the rules can and should be read to effectuate the intent of the Court of Appeals to avoid piecemeal appeals. We do not believe that the Court of Appeals intended for lawsuits to proceed as a single judicial unit throughout the pretrial and trial stage, only to crumble at the post judgment stage, on the eve of appeal. Indeed, that the rules drafters consider the judicial unit to be viable at the post judgment stage is evidenced by Rule 2–533(c), which provides in pertinent part as follows:

> ... If a partial new trial is granted, the judge may direct the entry of judgment as to the remaining parties or issues or stay the entry of judgment until after the new trial.

When a partial new trial is granted by the trial court, Rule 2–533(c) gives the court the option of either directing entry of judgment as to any remaining parties or issues or staying entry of judgment. Such judgment would be directed pursu-

ant to Rule 2–602. While Rule 2–533(c) could be read to address only the situation in which "the remaining parties" all have filed motions for new trial, the important point is that the drafters intended to carry the judicial unit rule through this stage of the proceedings.

■ Rule 8–202(c) is entirely consistent with this view, and we read Rule 8–202(c) to provide that when a timely motion is filed pursuant to Rule 2–532, 2–533, or 2–534, by any single party, a notice of appeal, filed by any party, shall be filed within 30 days after disposition of such motion. This reading is consistent with the language of Rule 8–202 and with the principles underlying the relevant rules. Accordingly, Mary Waters's notice of appeal was premature when filed.

■ Although the notice of appeal was premature at the time of filing, a notice of appeal filed prior to the withdrawal or disposition of a timely filed motion under Rule 2–532, 2–533, or 2–534, is effective. Processing of that appeal is delayed until the withdrawal or disposition of the motion. *See Edsall v. Anne Arundel County,* 332 Md. 502, 508, 632 A.2d 763 (1993). We believe the holding in *Edsall* applies not only when the movant filed a notice of appeal before disposition of the motion, but also when a nonmoving party files a notice of appeal while a timely filed motion pursuant to Rule 2–532, 2–533, or 2–534, is pending.[6]

■ Notwithstanding that Mary Waters's notice of appeal is effective, we are precluded from reaching any of the substantive questions that her appeal raises because she failed to

---

**6.** This result is consistent with Rule 8–602(e)(1)(D). Subsection (e) provides:

**(e) Entry of Judgment Not Directed Under Rule 2–602. -**
(1) If the appellate court determines that the order from which the appeal is taken was not a final judgment when the notice of appeal was filed but that the lower court had discretion to direct entry of a final judgment pursuant to Rule 2–602(b), the appellate court may, as it finds appropriate, ... (D) if a final judgment was entered by the lower court after the notice of appeal was filed, treat the notice of appeal as if filed on the same day as, but after, the entry of the judgment.

preserve any of those issues. Specifically, she cannot challenge the jury verdicts on appeal given that she did not move for judgment under Rule 2–519 at the close of all the evidence and prior to submission of the case to the jury. We carefully have reviewed the record, and do not see anything that arguably approached a motion for judgment.[7]

We must reverse the entry of judgments in favor of Cheryl Stevenson for the same reason. Cheryl Stevenson contends that no motion for judgment was made at the close of all the evidence due to the defendants' reliance on the trial court's instruction that the case was going to the jury. The following colloquy reveals the weakness in her argument:

> THE COURT: Do you have any written motions, [Counsel for the Stevensons]?
>
> [COUNSEL]: I don't have a written motion, other than my motion for summary judgment which I will incorporate into a motion at this time, Your Honor.
>
> THE COURT: A motion, and you want me to treat it as a motion for judgment at the conclusion of the plaintiff's case, true?
>
> [COUNSEL]: That is exactly what I would like to do, Your Honor.
>
> THE COURT: Very well, motion is denied. Now, what the Court is going to do, obviously, is send this case to the jury. Your motions will still be pending. You don't have to reassert them afterward. Do you understand?
>
> [COUNSEL]: I understand, Your Honor.
>
> THE COURT: Okay. Anything else?

---

**7.** The filing of the notice of appeal did not require Mary Waters to withdraw her post judgment motion. *See* Rule 8–262(c). ("A notice of appeal filed before the withdrawal or disposition of any of these motions does not deprive the trial court of jurisdiction to dispose of the motion.") The record does not reveal why she withdrew the motion. Perhaps it was in recognition of the fact that she had not previously moved for judgment. In any event, the trial court could not have granted Mary Waters's post judgment motions in the absence of a previously asserted motion for judgment.

[COUNSEL]: Is that with respect to each and every count?

THE COURT: Each and every count.

The problem with Cheryl Stevenson's argument is that the motion for summary judgment referred to by her counsel and the trial court is a motion on behalf of Nick Stevenson only. Counsel's query, "Is that with respect to each and every count?" does not act to broaden the motion to include Cheryl Stevenson. The motion for judgment notwithstanding the verdict that the trial court ultimately granted in favor of Cheryl Stevenson was based on grounds not previously raised on her behalf. Pursuant to Rule 2–532(a), "a party may move for judgment notwithstanding the verdict only if that party made a motion for judgment at the close of all the evidence *and only on grounds advanced in support of the earlier motion.*"

JUDGMENT IN FAVOR OF ELLA MAE WHITING AND DONALD EARNEST WHITING AGAINST MARY G. WATERS AFFIRMED; JUDGMENT IN FAVOR OF NICK STEVENSON AFFIRMED; JUDGMENT IN FAVOR OF CHERYL STEVENSON REVERSED; CASE REMANDED TO THE CIRCUIT COURT FOR ST. MARY'S COUNTY FOR THE ENTRY OF JUDGMENT IN FAVOR OF ELLA MAE WHITING AND DONALD EARNEST WHITING IN ACCORDANCE WITH THE JURY VERDICT; COSTS TO BE SHARED 1/3 BY THE WHITINGS, 1/3 BY THE STE-VENSONS, AND 1/3 BY MARY G. WATERS.