791 A.2d 152

David **FOLK**,

v.

**STATE of Maryland.**

**No. 632, Sept. Term, 2001.**

Court of Special Appeals of Maryland.

Feb. 6, 2002.

Allen E. Burns, Asst. Public Defender (Stephen E. Harris, Public Defender, on the brief), Baltimore, for appellant.

Diane E. Keller, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and Sandra A. O'Connor, State's Atty., for Baltimore County, Towson, on the brief), for appellee.

Submitted before DAVIS, DEBORAH S. EYLER, KRAUSER, JJ.

DEBORAH S. EYLER, Judge.

David Folk, the appellant, was convicted in a court trial in the Circuit Court for Baltimore County of two counts of first

degree assault and one count each of driving while intoxicated, driving under the influence, negligent driving, and reckless driving. The court sentenced the appellant that day, resulting in judgments of conviction. Two days after the judgments were entered, the appellant noted an appeal. Six days later, he filed a motion for new trial, under Md. Rule 4–331(a), and a request for hearing. The State opposed the motion.

At a hearing scheduled on the motion for new trial, the circuit court declined to decide the motion, ruling instead that the appellant's having noted an appeal deprived it of jurisdiction. Thereafter, the appellant filed an amended notice of appeal.

The sole issue presented is whether the circuit court erred in ruling that it lacked jurisdiction to decide his motion for new trial.

## FACTS AND BACKGROUND

The appellant was charged with several offenses stemming from a "road rage" incident that occurred on July 13, 2000. Specifically, the appellant was alleged to have used his car, in a high speed chase, to pursue a motorcycle on which two people were riding, and then strike it. A breath analysis performed by the police after the incident showed the appellant was intoxicated.

The appellant's trial took place on May 21, 2001. The State called a police officer and the two victims. The appellant did not testify. As noted above, the appellant was found guilty and sentenced that day. On May 23, 2001, he filed a notice of appeal to this Court.

On May 29, 2001, the appellant filed a motion for new trial, under Rule 4–331(a). That rule provides that in a criminal case, "[o]n motion of the defendant filed within ten days after a verdict, the court, in the interest of justice, may order a new trial." The appellant requested a hearing on his motion.

In his motion for new trial, the appellant asserted that the court's verdict had been "erroneous" because 1) his car only

struck the motorcycle once, as a police officer testified, not two or three times, as the victims testified; 2) the victims' testimony about the path of travel of the motorcycle had not been revealed to the police and created a misimpression about the path in which the appellant had driven his car; 3) the appellant's intoxication negated the specific intent necessary for a conviction of first degree assault; 4) the State introduced photographs that had not been revealed in discovery and on a representation that, according to defense counsel, was false, and lured him into not objecting; 5) the State engaged in prosecutorial misconduct; and 6) through defense counsel's "ineptness," he failed to introduce an "Alcohol/Drug Influence Report" from the Baltimore County Police Department, which was "necessary for the Court's perusal" in considering stipulation about the appellant's level of intoxication.

The State filed an opposition to the motion for new trial. Then, on August 9, 2001, by new counsel, the appellant filed a "Supplemental Motion for New Trial." In that paper he added to the points made in his initial motion that his prior defense counsel had performed in a "constitutionally deficient" manner by not interviewing two passengers who were riding in the appellant's car during the incident, and not issuing a subpoena for and calling to testify one of those passengers, who was "the only sober defense witness" to the occurrence and whose testimony would have rebutted the version of events testified to by the victims and would have been exculpatory of the appellant.

A hearing on the appellant's motion for new trial was scheduled for August 30, 2001. The parties and counsel were notified and appeared before the court that day. The court ruled, however, that it was without jurisdiction to hear and decide the appellant's motion, due to the pendency of his appeal in this Court.

On September 26, 2001, the appellant filed an amended notice of appeal.

## DISCUSSION

The appellant contends that the trial court erred in ruling that it lacked jurisdiction to decide his motion for new trial. The State agrees that, given the procedural posture of this case, the court erred in ruling that it was without jurisdiction to decide the motion. The parties each state that this Court should remand the case for a hearing and ruling on the motion for new trial; they disagree about the scope of the remand, however.

As explained above, under Rule 4–331(a), upon motion by the defendant in a criminal case, filed within ten days after a verdict, the circuit court may order a new trial "in the interest of justice." The effect of the filing of such a motion on the deadline for filing a notice of appeal is governed by Rule 8–202(b). That rule states that when a timely ten-day motion has been filed, under Rule 4–331(a), "the notice of appeal shall be filed within 30 days after the later of (1) entry of the judgment or (2) entry of a notice withdrawing the motion or an order denying the motion."

In this case, as we have observed, the judgments of conviction were entered on the day the verdict was rendered, because sentencing happened immediately, *see Johnson v. State*, 142 Md.App. 172, 201–02, 788 A.2d 678 (2002), and the appellant's ten-day motion, while timely, was filed after he already had filed a notice of appeal from the judgments. Clearly, if the appellant had not noted an appeal, and instead merely had filed his ten-day motion for new trial, the trial court would have had jurisdiction to rule on the motion; and if the court had denied the motion, the deadline for noting an appeal would have been 30 days after the entry of the court's order. The trial court ruled, however, that because the appellant filed a notice of appeal before he filed his timely ten-day motion, it lost jurisdiction over the case. The question we must answer is whether the court was legally correct in that ruling. We conclude that it was not.

Two Court of Appeals cases have a bearing on this question. In *Pulley v. State*, 287 Md. 406, 412 A.2d 1244 (1980), the

Court addressed the concept of "fundamental jurisdiction," holding that a trial court did not lose jurisdiction over a case during the pendency of an interlocutory appeal. There, the defendant was tried four times on murder and weapons charges. The first trial ended in a mistrial; the second trial ended in a hung jury, which produced a mistrial; the third trial ended in a conviction that was reversed on appeal, with the case remanded for a new trial; and the fourth trial ended in a conviction. Immediately before his fourth trial, the defendant moved to dismiss the indictment on the ground of double jeopardy. The trial court denied the motion as untimely. The defendant then noted an immediate appeal of the interlocutory order to this Court. The trial court directed that the trial on the merits proceed nevertheless. Ultimately, the Court of Appeals was asked to decide the effect, if any, of the defendant's appeal of the interlocutory order denying his motion to dismiss on the trial court's jurisdiction to proceed with the trial of the case. The defendant argued that the trial court lost jurisdiction over the case when he noted his appeal.

The Court of Appeals disagreed, holding that the trial court retained "fundamental jurisdiction" over the case even though the defendant had noted an appeal. It explained that "fundamental jurisdiction" is "the power to act with regard to a subject matter which 'is conferred by the sovereign authority which organizes the court, and is to be sought for in the general nature of its powers, or in authority specially conferred.'" *Pulley v. State, supra*, 287 Md. at 416, 412 A.2d 1244 (quoting *Cooper v. Reynolds*, 77 U.S. (10 Wall) 308, 316, 19 L.Ed. 931 (1870)). Any action taken by a court that lacks "fundamental jurisdiction" is "a nullity, for to act without such jurisdiction is not to act at all." *Pulley v. State, supra*, 287 Md. at 416, 412 A.2d 1244. The noting of an appeal does not cause the trial court to lose its fundamental jurisdiction over a case. The court retains the power and authority to act, notwithstanding the appeal, and any actions it takes are not null or void. The court's right to exercise its power may be "interrupted," however, "by (i) statute or Maryland Rule, (ii) the posting of authorized appeal bond, or bail following a

conviction and sentence, or (iii) a stay granted by an appellate court, or the trial court itself, in those cases where a permitted appeal is taken from an interlocutory or final judgment." *Id.* at 417, 412 A.2d 1244.

More recently, in *Jackson v. State,* 358 Md. 612, 751 A.2d 473 (2000), the Court addressed the impact of the timely filing of a motion for new trial on the ground of newly discovered evidence, under Rule 4–331(c), on an appeal from a judgment of conviction. In that case, the notice of appeal was filed in this Court within 30 days of the entry of judgment, as required by Rule 8–202(a). About four months later, but within the time permitted by Rule 4–331(c), the defendant filed her motion for new trial. While the appeal still was pending in this Court, the trial court denied the motion for new trial, without a hearing.

The Court of Appeals granted *certiorari* on other issues, and asked the parties to address an additional question: Whether the circuit court had jurisdiction to decide the motion for new trial during the pendency of the appeal in this Court. The Court of Appeals held that the circuit court had jurisdiction to rule on the motion for new trial, but that in such a situation, it was constrained not to exercise its jurisdiction, "in a manner ... affect[ing] either the subject matter of the appeal or the appellate proceeding itself—that, in effect, [would] preclude[ ] or hamper[ ] the appellate court from acting on the matter before it." *Jackson v. State, supra,* 358 Md. at 620, 751 A.2d 473. The Court concluded that because the circuit court actually had exercised its jurisdiction to *deny* the motion for new trial, "there was no adverse impact at any time on the jurisdiction of the Court of Special Appeals or on its ability to resolve the issue then before it; denial of the motion eliminated any possible conflict with the appeal." *Id.* at 621, 751 A.2d 473. Rejecting as "unsound the assertion that, if the [circuit] court was not authorized to *grant* the motion, it was equally unauthorized to *deny* it[,]" the Court observed that it did not need to consider whether a circuit court's decision *granting* a motion for new trial in such a circumstance would be subject to reversal, on abuse of discre-

tion grounds, as an interference with the subject matter of a pending appeal or the ability of the appellate court to resolve the issue before it. *Id.* at 626, 751 A.2d 473 (emphasis in the original).

The holdings in *Pulley* and *Jackson* make plain that the filing of a notice of appeal, whether within 30 days of the entry of an interlocutory order or within 30 days after the entry of a judgment of conviction in a criminal case, does not cause the trial court to lose its "fundamental jurisdiction" over the case. Therefore, during the pendency of the appeal, the trial court retains its inherent power to make rulings, including rulings on motions for new trial, although it may not exercise that power so as to interfere with the appeal or the issues to be decided in the appeal. Accordingly, in the case at bar, the appellant's filing of a notice of appeal did not foreclose him from filing a timely motion for new trial, under Rule 4–331(a), and did not deprive the circuit court of its fundamental jurisdiction to decide that motion. The circuit court was legally incorrect in concluding that it did not have the power and authority to rule on the appellant's motion for new trial.

The State maintains that the situation in this case is precisely the same as existed in *Jackson:* that is, in both cases, the trial courts retained their fundamental jurisdiction to rule on the new trial motions but were limited in how they could exercise their jurisdiction, so as not to interfere with this Court's (or the Court of Appeals's) decision-making and procedure on appeal. From that premise, the State argues that, because in this Court the appellant has not raised any issue challenging the judgments of conviction, but only has raised the issue of whether the trial court erred in ruling that it could not decide the motion for new trial, there is no issue pending for decision in this Court that the trial court could have interfered with in ruling on the motion for new trial, whichever way the ruling may have gone. On that basis, the State agrees that the case should be remanded for a ruling on the new trial motion.

Although we agree with the parties that the trial court had fundamental jurisdiction to rule on the ten-day new trial motion, notwithstanding the filing of the notice of appeal, we do not agree with the State that this case is precisely the same as *Jackson*. As the State sees it, the appellant's sole opportunity to raise issues challenging the underlying judgments of conviction already has occurred. The logical extension of that reasoning is that if, on remand, the circuit court denies the appellant's motion for new trial, the appellant could challenge that ruling, but nothing else. That reasoning fails to factor in, or even consider, the tolling effect of a Rule 4–331(a) motion for new trial, under Rule 8–202(b), which was not at issue in *Jackson*, because there the new trial motion was filed under Rule 4–331(c), and outside the time for noting an appeal under Rule 8–202(a).

As stated above, a new trial motion under Rule 4–331(a) must be filed within ten days after the verdict in a criminal case, and has the effect of delaying the deadline for filing a notice of appeal until the later of the day the motion is withdrawn, the day the court enters an order denying the motion, or the day the court enters the judgment of conviction. In the case at bar, the judgments were entered on the day of the verdict; therefore, if the appellant had filed his motion for new trial when he did, but without having filed a notice of appeal, the finality of the judgments would have been undone, and his time for noting an appeal as to *all* issues (those challenging the judgments *and* the ruling on the motion for new trial) would have been delayed until 30 days after the court entered an order denying the motion (assuming the motion were not withdrawn or granted). In the State's view, because the appellant filed a notice of appeal before he filed his ten-day motion, but within 30 days of the judgment, he had a viable appeal that should have been proceeding along a normal course, notwithstanding the filing of the ten-day motion; and, as in *Jackson*, the trial court should have ruled on the motion for new trial, but with care not to exercise its jurisdiction to interfere with the issues on appeal or the process of the appeal. That view does not comport with the

conclusion reached by the Court of Appeals in *Edsall v. Anne Arundel County*, 332 Md. 502, 632 A.2d 763 (1993), when it addressed a similar question in the context of a civil case.

In *Edsall*, the appellants filed a ten-day post-judgment motion in a civil case and then filed a notice of appeal. The notice of appeal was filed within 30 days after the entry of judgment, but before the ten-day motion was ruled on. More than 30 days later, the court denied the appellant's ten-day motion. When the appellants did not thereafter file a new notice of appeal, the appellee sought to have the appeal dismissed, on the ground that under Rule 8–202(c), a notice of appeal in a civil case "shall be filed" within 30 days after the entry of an order denying a ten-day motion. In other words, the appellee was maintaining that the appellants had to file a second notice of appeal, after the trial court denied their motion for new trial, even though they had filed a notice of appeal within 30 days of the entry of judgment, under Rule 8–202(a).

The Court agreed, in essence, with the appellants in *Edsall*. It held that their "premature" notice of appeal, filed within 30 days after entry of judgment but before the trial court had ruled on their ten-day motion, was effective, but the processing of the appeal was delayed until the motion was ruled on. *Edsall v. Anne Arundel County, supra*, 332 Md. at 508, 632 A.2d 763. Specifically, the Court concluded that a "notice of appeal, if otherwise effective under the provisions of Rule 8–202(a), will not lose its efficacy because a timely post-judgment motion is filed or is pending, but its effect will be delayed until the trial court rules on the pending motion, or it is withdrawn, as provided by the Rule." *Id.* at 506, 632 A.2d 763 (footnote omitted). Accordingly, it was not necessary for the appellants in *Edsall* to file a second notice of appeal after the ten-day motion was denied.

Because the appellants in *Edsall* filed but one notice of appeal, the question before the Court required it to ascertain whether Rules 8–202(a) and (c) are in conflict, and to resolve any conflict it might find. The Court's holding that the rules

are not in conflict was based primarily on its interpretation of their language and on the rule-making history that preceded their adoption. The Court also found persuasive, however, federal criminal cases holding that an ambiguity in the rules of procedure concerning the time for filing an appeal should be resolved in favor of the preservation of the appeal. *Id.* at 507, 632 A.2d 763 (citing *United States v. Garrison,* 963 F.2d 1462, 1463–66 (11th Cir.), *cert. denied,* 506 U.S. 946, 113 S.Ct. 393, 121 L.Ed.2d 301 (1992); *United States v. Jackson,* 950 F.2d 633, 635–36 (10th Cir.1991); *United States v. Cortes,* 895 F.2d 1245, 1246–47 (9th Cir.), *cert. denied,* 495 U.S. 939, 110 S.Ct. 2191, 109 L.Ed.2d 519 (1990). *See also* 16 Wright, Miller, and Cooper, *Federal Practice and Procedure* § 3950 at 484, 529–30 n. 10.17 (1977, 1993 Supp.)).

In the case at bar, the appellant filed two notices of appeal—one before he filed his ten-day motion, and one after the court entered its order declining to rule on the ten-day motion—so, unlike in *Edsall,* there is no question that an appeal was timely filed. There is a question, however, about the scope of this appeal that the decision in *Edsall* helps resolve.

The Court's conclusion in *Edsall,* that an appeal in a civil case taken under Rule 8–202(a), but before a ruling on a timely ten-day motion, is effective but is in a state of suspension until the motion is ruled on, would seem to have equal application to an appeal in a criminal case taken under Rule 8–202(a) but before the court has ruled on a timely ten-day motion. The tolling language in Rule 8–202(b), applicable to ten-day motions for new trial in criminal cases, is similar to the tolling language in Rule 8–202(c), applicable to ten-day post-judgment motions in civil cases, especially as to the tolling effect. To be sure, Rule 8–202(b) does not include language akin to the express statement, in subsection (c), that "[a] notice of appeal filed before the withdrawal or disposition of any [civil ten-day post-judgment motion] does not deprive the trial court of jurisdiction to dispose of the motion." The holding in *Jackson* establishes that that principle applies in criminal cases, however. It makes sense, then, to interpret

Rule 8–202(b) in harmony with the Court of Appeals's interpretation of Rules 8–202(a) and 8–202(c).

■ We hold that the appellant's notice of appeal, filed on May 25, 2001, was effective, but until the trial court has ruled on the appellant's ten-day motion, his appeal is in abeyance and is not ready for processing. Any issues that could be raised in that appeal are not yet before us, and would have been prematurely raised had they been put before us. The only issue proper for resolution at this juncture is the one generated by the trial court's decision not to rule on the motion for new trial. We have resolved that issue. Accordingly, we shall remand the case to the circuit court solely for it to rule on the motion for new trial.

■ In ruling on the motion, the court is *not* constrained to limit the exercise of its jurisdiction so as not to interfere with the appeal—just as it would *not* have been so constrained had it ruled on the motion in the ordinary course. If the court denies the motion, this appeal shall then proceed, and the appellant may raise issues challenging the underlying judgments and the denial of the motion. If the court grants the motion, it is the appellant's responsibility to dismiss this appeal. *See Edsall v. Anne Arundel County, supra,* 332 Md. at 508, 632 A.2d 763.

Finally, the State maintains that, on remand, the circuit court should not consider the appellant's argument, included in his "Supplemental Motion For New Trial," that his prior defense counsel performed in a "constitutionally deficient" manner. When the trial court met with counsel, but declined to rule on the motion for new trial, there was some discussion of that issue, and the impact, if any, of the Court of Appeals's decision in *In re Parris W.,* 363 Md. 717, 770 A.2d 202 (2001), on cases holding that a claim of ineffectiveness of counsel is most appropriately raised in a post-conviction proceeding, under Md.Code (1958, 1996 Repl.Vol., 2000 Supp.) Art. 17, § 645A, and not on direct appeal. The trial court made no ruling on this point, however, because it concluded that it

lacked jurisdiction to decide the motion for new trial in any event.

■ Under Rule 4–331(a), the trial court may grant a new trial "in the interest of justice." The court's discretion in ruling on such a motion is broad, and the bases on which a criminal defendant may seek to have the court exercise its wide discretion are not limited. *See Love v. State*, 95 Md.App. 420, 427, 621 A.2d 910, *cert. denied*, 331 Md. 480, 628 A.2d 1067 (1993) (holding that the list of the possible grounds for the granting of a new trial under Rule 4–331(a) is "virtually open-ended"). Thus, as our decision in *Ruth v. State*, 133 Md.App. 358, 757 A.2d 152, *cert. denied*, 361 Md. 435, 761 A.2d 933 (2000), illustrates, while "[n]ormally, appellate review of a trial attorney's conduct is best done in post-conviction proceedings, rather than on direct appeal, where a trial-like setting will 'provide[ ] the opportunity to develop a full record concerning relevant factual issues, particularly the basis for the challenged conduct by counsel[,]' " the trial court is not restricted, at a hearing on a Rule 4–331(a) motion for new trial, from hearing testimony and accepting evidence about the defendant's ineffective assistance of counsel claim. *Id.* at 367, 757 A.2d 152 (quoting *Walker v. State*, 338 Md. 253, 262, 658 A.2d 239, *cert. denied*, 516 U.S. 898, 116 S.Ct. 254, 133 L.Ed.2d 179 (1995)).

Indeed, in *Ruth*, that is precisely what happened. In that case, the trial court exercised its discretion to hold a hearing on the defendant's Rule 4–331(a) motion, and then heard testimony and accepted evidence about the defendant's claim of ineffective assistance of counsel. On appeal from the trial court's denial of the motion, we concluded that the record was sufficiently developed on that issue to permit us to review it, which we proceeded to do. *Id.* at 367–69, 757 A.2d 152.

■ In this case, upon remand, the court should consider all the grounds raised by the appellant in his new trial motion, and rule on them. The court has discretion, under Rule 4–331(e), to hold a hearing on the appellant's Rule 4–331(a) motion for new trial, however, and need not hold such a

hearing merely because the appellant has raised the issue of ineffective assistance of counsel, or because the record before it on that issue is not developed. If the court chooses to hold a hearing on the motion, it also may choose to take evidence on the appellant's ineffective assistance of counsel claim. Whether to do so is within its discretion.

Accordingly, pursuant to Rule 8–604(d)(1), we remand this case without affirming, reversing, or modifying the judgments, for the court to rule on the appellant's motion for new trial.

**CASE REMANDED TO THE CIRCUIT COURT FOR BALTIMORE COUNTY FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION. COSTS TO ABIDE THE RESULT.**